UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| LEHMAN BROTHERS HOLDING, INC., | ) | Case no. 08-13555-SCC |
| | ) | |
| LEHMAN BROTHERS HOLDING., INC. | ) | |
| | ) | Adversarial Case no. 16-01019-SCC |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 1ST ADVANTAGE MORTGAGE, LLC., et al. | ) | |
| | ) | |
|     Defendant. | ) | |

**DEFENDANT, SOUTHEAST FUNDING ALLIANCE, INC.'S, MOTION TO DISMISS AMENDED ADVERSARY COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW Defendant, SOUTHEAST FUNDING ALLIANCE, INC., hereinafter "Southeast" or "Defendant" by and through its undersigned counsel pursuant to Fed. R. Civ. P. 12 (b) and (e) and files this Motion to Dismiss Amended Adversary Complaint or, in the Alternative, for a More Definite Statement and Memorandum of Law in Support Thereof in the above stated cause and states in support thereof:

1. Southeast is a Florida corporation with its principle place of business in Orange County, Florida.

2. In 2004, Aurora Loan Services, Inc., an affiliate of Lehman Brothers Bank, FSB, approved Southeast to participate in the Lehman Brothers Bank Correspondent Program and sell mortgages to Aurora Loan Services, Inc.

3. Southeast ceased conducting business with Aurora Loan Services, Inc. on or about June 30, 2007.

4. Plaintiff alleges that Lehman Brothers Bank assigned its interest in the alleged agreements to Plaintiff; however, Plaintiff did not attach an assignment to its Amended Adversarial Complaint neither any agreements to establish a contractual relationship with Southeast.

1

5. Therefore, Plaintiff has not alleged a cause of action upon which relief can be granted because Plaintiff does not have any standing as a result of its failure to provide an assignment of interest or any contracts upon which a cause of action can be established.

6. Further, Plaintiff seeks to have a declaratory judgment in Count I of its amended complaint and seeks to have that judgment declare the date of approved settlements with Fannie Mae and Freddie Mac as the effective agreements that gave rise to any alleged contractual indemnification remedy and seeks to deprive Defendant of its right to defend itself against this assertion.

7. Plaintiff, if the Court grants a declaratory judgment as requested, will effectively circumvent the statute of limitations that may prevent any recovery by Plaintiff in relation to the alleged breach of contract that allegedly took place by Defendant. Plaintiff is not seeking a declaration of rights but a crafty judgment on the merits without affording Defendant a proper defense.

8. Plaintiff has also failed to state a cause of action upon which relief can be granted in Count II, claim for Contractual Indemnification. Plaintiff has not stated any facts upon which relief can be granted only legal conclusions.

9. Plaintiff fails to allege any facts in relation to the actions or behavior of Southeast that represent a breach, but relies on the conclusions of a proceeding that Southeast was not a part of and the analysis of a third party.

10. In the alternative, if the Court finds that the Plaintiff does have standing to bring suit, Plaintiff's amended complaint is vague and does not provide enough information for Southeast to provide an Answer for its alleged breach and duty to indemnify Plaintiff.

11. Plaintiff provides information alleging what the borrowers did and the alleged malfeasance on the part of the borrowers but nothing indicates the behavior that alleged provides the basis for indemnification.

12. As a result of the foregoing, Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice.

# MEMORANDUM OF LAW

**Standing**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss under Rule 12(b)(6) ... a complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face." Mabry v. Neighborhood Defender Serv., 769 F.Supp.2d 381, 389 (S.D.N.Y.2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 1949, 173 L.Ed.2d 868 (2009)). "A plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1949–50.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court evaluates the sufficiency of the complaint under the "two-pronged approach" suggested by the Supreme Court in Iqbal. First, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Iqbal, 129 S.Ct. at 1949;Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir.2010).
Based on the documentation provided in Plaintiff's Amended Adversarial Complaint, Defendant questions whether Plaintiff actually has standing to bring this suit against Southeast as stated herein. The burden of proof is on the Plaintiff to establish a proper nexus between the litigation and an interest by said Plaintiff. Based on the four corners of the complaint, Defendant believes that Plaintiff has fallen short of establishing an interest on behalf of Plaintiff, considering that Defendant had a contractual relationship with Aurora Loan Services. As a result the complaint should be dismissed in its entirety.

**Declaratory Judgment**

Further, Plaintiff has not established the requisite elements or grounds for a declaratory judgment in this matter. In fact, Plaintiff seeks to have this court make merit decisions and factual decisions that effect Defendant's contract rights and defenses, should this Court determine that Plaintiff has standing to bring this suit. "[I]n deciding whether to entertain an action for declaratory

3

judgment, a court is to consider "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Amusement Indus., Inc.,* 693 F.Supp.2d at 311 (quoting *Duane Reade, Inc.,* 411 F.3d at 389). A court may also consider: "(1) whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata'; (2) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (3) whether there is a better or more effective remedy." *Amusement Indus., Inc.,* 693 F.Supp.2d at 311 (quoting *Dow Jones & Co. v. Harrods Ltd.,* 346 F.3d 357, 359–60 (2d Cir.2003))." *Fleisher v. Phx. Life Ins. Co.,* 858 F.Supp.2d 290 (S.D.N.Y., 2012).

Plaintiff is using the remedy of declaratory judgment to "race to res judicata." The demand for relief is for this Court to establish the Settlements entered into by Plaintiff with a third party as the basis for entitlement to indemnification. However, these settlements were entered into in 2014 without any representation by Defendant. Further, if the Court were to entertain Plaintiff's request and use its discretion to grant a declaratory judgment, it would effectively be a decision on the merits of the case and Defendant would not have the opportunity to defend itself on the merits and on the underlying contracts at issue in this matter. Also, there is a "better or more effective remedy" and that would be allowing the litigation to move forth without a declaratory action and award any damages based on the actual facts of the case and contracts in question.

Therefore, as a result of the foregoing, Defendant prays that this Court dismiss Count I of Plaintiff's complaint and Deny a Declaratory Judgment in this matter.

### **Contractual Indemnification**

Under New York law, contract claims are generally subject to a six-year statute of limitations. *See* N.Y. C.P.L.R. § 213(2); *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 76 (2d Cir.1998). Count II of the Plaintiff's complaint is subject to a six year statute of limitations. Provided that this Court determines that Plaintiff has standing, the last transaction between Aurora Loan Services and Defendant was in or about June 2007. The loans that allegedly breached the contract would have taken place prior to 2007, which means the statute of limitations for a breach of contract claim would have run. Defendant asserts that in no circumstance would Plaintiff be able to prevail on this count and therefore the Count should be dismissed with prejudice.

**Conclusion**

As a result of the foregoing, Defendant, Southeast Funding Alliance, Inc., prays that this Court dismiss Plaintiff's entire complaint as stated herein. In the alternative, if this Court determines that all or a portion of this Complaint is not subject dismissal, Defendant prays that this Court order a more definitive statement regarding the factual allegations against Defendant and what Defendant did to allegedly breach said contract and warrant indemnification from Defendant.

Dated this 14th day of April, 2016.

                Respectfully Submitted,

                */s/Vera June Starks*
                Formerly Vera L. June, Esquire
                Florida Bar No. 0030868
                Georgia Bar No. 935496
                Law Offices of Vera L. June, PA
                283 Cranes Roost Blvd., Ste. 111
                Altamonte Springs, FL  32701
                junelegal@gmail.com
                407-215-1868 (p)
                404-434-7198 (p)
                Atty for Defendant:  Southeast Funding Alliance

**CERTIFICATE OF SERVICE**

I hereby certify that I am over the age of 18 and that on April 14, 2016, the foregoing motion was uploaded to the CM/ECF system for filing and service and the foregoing was also mailed by US Mail to:  Christopher J. Lucht, Wollmuth Maher & Deutch, 500 Fifth Ave, New York, NY 10110.

                */s/Vera June Starks*
                Formerly Vera L. June, Esquire
                Florida Bar No. 0030868
                Georgia Bar No. 935496