Amjad M. Khan (Pro Hac Vice Pending)
 *amjad@bnsklaw.com*
Ethan J. Brown (Pro Hac Vice Pending)
 *ethan@bnsklaw.com*
Sara C. Colón (NY SBN 4815908)
 *sara@bnsklaw.com*
**BROWN NERI SMITH & KHAN LLP**
11766 Wilshire Blvd., Ste. 1670
Los Angeles, CA 90025
T: (310) 593-9890
F: (310) 593-9980

*Attorneys for Defendant*
*PMAC Lending Services, Inc.*

Hearing Date: May 10, 2016
Time: 10:00 a.m.
Response Due: May 3, 2016

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtor.<br><br>RELATED ADVERSARY PROCEEDING | Chapter 11<br><br>CASE NO.: 08-13555 (SCC)<br><br>Adversary Proceeding No. 16-01019 (SCC)<br><br>**MOTION FOR ATTORNEYS' FEES, COSTS AND REQUEST FOR STAY [FRCP 41(d)]**<br><br>[Filed concurrently: Declarations of Amjad M. Khan and Tamara S. Seelman; Request for Judicial Notice; and [Proposed] Order] |

Pursuant to Federal Rule of Civil Procedure 41(d), Defendant PMAC Lending Services, Inc. hereby moves for attorneys' fees, costs, and requests a stay of procedings, on the ground that Debtor and Plaintiff Lehman Brothers Holdings, Inc. ("LBHI") has re-filed this action after voluntarily dismissing an identical action in United States District Court for the Central District of California, entitled *Lehman Brothers Holdings, Inc. v. PMC Bancorp, et al.*, case no. 2:15-cv-04867 JAK (PJWx), for the sole purpose of forum-shopping.

This Motion is based on this Motion, the attached memorandum of points of authorities, the supporting declarations, Request for Judicial Notice, the papers, records, and pleadings on file in this case, and on such oral argument as the Court allows.

Dated: April 25, 2016                    **BROWN NERI SMITH & KHAN, LLP**


By:  /s/ Amjad M. Khan
     Amjad M. Khan

*Attorneys for Defendant PMAC Lending Services, Inc.*

---

MOTION FOR ATTORNEYS' FEES, COSTS, AND STAY [FRCP 41(d)]

1

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................ ii
  **I.   INTRODUCTION** ........................................................................................ 1
 **II.   FACTS** ........................................................................................................ 5
**III.   ARGUMENT** .............................................................................................. 5
         a. **FRCP 41(d) is intended to prevent the very forum shopping LBHI has engaged in.** ........................................................................ 5
         b. **LBHI's suit in the Prior Action was an identical suit, with identical parties and identical claims, to the Present Action.** ....... 6
         c. **PMAC is entitled to a stay of the Present Action if attorneys' fees and costs are awarded.** ............................................................ 7
**IV.   CONCLUSION** ........................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

*Adams v. New York State Educ. Dep't*, 630 F.Supp.2d 333 (SDNY 2009) .......5, 6

*Gordon v. Kaleida Health*, No. 08-CV-0950S,
    2012 U.S. Dist. LEXIS 75926 (W.D.N.Y. May 31, 2012) ......................5, 6

*Ivoclar Vivadent Inc., v. Corp. Cortex Machina,* No. 01-CV-0113,
    2004 U.S. Dist. LEXIS 22729 (W.D.N.Y. Oct. 14, 2004).........................6

*Lehman Bros. Holdings, Inc. v. Universal Am. Mortg. Co.* (10th Cir. Jan. 27,
2016, Nos. 14-1180, 14-1181, 14-1182, 14-1212, 14-1356, 14-1475)
    2016 U.S. App. LEXIS 1289.................................................................2

*New Phone Co. v. N.Y. City Dep't of Info. Tech. & Telecomm.*,
    Nos. 06-CV-3529, 07-CV-2474, 2007 U.S. Dist. LEXIS 74693
    (E.D.N.Y. Oct. 5, 2007).....................................................................6

*Stiftung v. Sumitomo Corp.*, 99 Civ. 1108, 2001 U.S. Dist. LEXIS 20746
    (S.D.N.Y. Dec. 14, 2001) ..................................................................6

*Zucker v. Katz*, No. 87 Civ. 7595 (SWK) 1990 U.S. Dist. LEXIS 1748
    (S.D.N.Y. Feb. 21, 1990)...................................................................7

*World Athletic Sports Corp. v. Pahlavi*, 267 F.Supp.160 (S.D.N.Y. 1966) .......7, 8

**STATUTES**

Fed. R. Civ. P. 41(d) ............................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

For approximately seven months, Plaintiff Lehman Brothers Holdings, Inc. ("LBHI") litigated an action against Defendant PMAC Lending Services, Inc. (PMAC) in the Central District of California (the "Prior Action") involving the *very same* claims, loans and facts in the present Adversary Proceeding (the "Present Action"). Before the Central District of California could rule on a fully briefed and argued motion to dismiss, LBHI voluntarily dismissed the Prior Action and re-filed the Present Action to extract a potentially more favorable forum and ruling. LBHI's blatant forum shopping has subjected PMAC to unnecessary and duplicative attorneys' fees and costs, which LBHI can and should pay under the express language and meaning of Rule 41(d) of the Federal Rules of Civil Procedure. Accordingly, PMAC seeks $42,639.20 in attorneys' fees and costs under Rule 41(d), and this Court can and should stay the Present Action until LBHI makes payment.

### II. FACTS

On June 6, 2015, LBHI filed suit against the same Defendants, PMC Bancorp f/k/a Professional Mortgage Corp. ("Bancorp") and PMAC, entitled *Lehman Brothers Holdings, Inc. v. PMC Bancorp, et al.*, case no. 2:15-cv-04867 JAK (PJWx) (the "Prior Action"). *See* Request for Judicial Notice ("RJN") Ex. A. The Prior Action alleges claims for contractual indemnification and successor liability arising from Bancorp's sale of certain mortgage loans to LBHI (the very same loans that are the subject of the Present Action). *Id.*, at ¶¶7-8. PMAC and Bancorp were the only defendants in the Prior Action.

The Prior Action was subject to significant litigation. PMAC incurred attorneys' fees and costs for various tasks, including contesting proper service of the complaint, stipulating to extend time to respond to the complaint, filing pro hac vice applications and notices of appearances, and drafting, filing, and arguing a motion to dismiss the complaint. The motion to dismiss was heard and fully

argued by both sides on January 25, 2016.

At the hearing on the matter, the Court took the issues under submission. Specifically, the Court noted that it was interested in the outcome of *Lehman Bros. Holdings, Inc. v. Universal Am. Mortg. Co.,* Case No. 14-1180, in which the Tenth Circuit reviewed the timeliness of essentially identical claims made by LBHI in the Prior Action (and now in the Present Action). On January 27, 2016, the Tenth Circuit in *Lehman Brothers Holdings, Inc. v. Universal Am. Mortg. Co.* held that Lehman's contractual indemnification claims were untimely – a ruling that vindicated the position of PMAC and BanCorp. *See Lehman Bros. Holdings, Inc. v. Universal Am. Mortg. Co.* (10th Cir. Jan. 27, 2016, Nos. 14-1180, 14-1181, 14-1182, 14-1212, 14-1356, 14-1475) 2016 U.S. App. LEXIS 1289. The parties also provided supplemental briefing on the motion to dismiss to assess the impact of the Tenth Circuit ruling.

Shortly after PMAC submitted further briefing, LBHI moved to voluntarily dismiss the Prior Action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), and the court granted the motion the same day. Presumably, LBHI anticipated an unfavorable result in the Prior Action due to the newly released Tenth Circuit ruling and dismissed only to avoid any preclusive determination.

On February 3, 2016, at the same time the court entered dismissal of the Prior Action, LBHI filed the Present Action against PMAC, Bancorp, and numerous other lending institutions. Dkt. No. 1 and 16. LBHI repackages the exact same claims against PMAC and BanCorp: contractual indemnification arising from the purchase and sale of certain allegedly defective mortgages. *See, e.g.,* Dkt. No. 16 at pp.18-19. Although LBHI does not list the specific loans at issue on the face of either the complaints in the Prior Action or Present Action, the accompanying exhibits to those complaints demonstrate that the loans at issue in both actions are *identical*. Compare RJN, Ex. A, Ex. B (LBHI #/ Seller #: 9062/5010, 4322/5002, 2736/8005, 2105/1370, 9712/4009, 6953/0000, 2295/5002,

---

4223/1600) with Present Action complaint, Ex. D, p.46 (identical loan numbers). Moreover, the following allegations demonstrate that LBHI's the claims are based upon identically worded facts and alleged breaches of representations and warranties:

| **Prior Action Complaint** | **Present Action Complaint** |
|---|---|
| ¶1 "In this action, LBHI seeks to enforce its right to contractual indemnification for liability LBHI incurred as a result of Defendants' sale … of numerous defective mortgage loans in breach of Defendants' representations, warranties, and covenants concerning those loans…" | ¶1 "In this action, LBHI seeks to enforce its right to contractual indemnification for liabilities… LBHI incurred as a result of Defendants' sale…of defective mortgage loans in breach of Defendants' representations, warranties, obligations and/or covenants…" |
| ¶2 "LBHI sold the Breaching Loans to investors, including…Fannie Mae and…Freddie Mac…under agreements which included representations and warranties concerning the mortgage loans that we co-extensive with those made by Defendants." | ¶2 "LBHI sold the Defective Loans to…Fannie Mae and…Freddie Mac under agreements that included representations and warranties about the Defective Loans that were co-extensive with those made by Defendants." |
| ¶3 "LBHI retained the right to seek indemnification from Defendants in the event Defendants became liable for certain indemnified events." | ¶2 "LBHI retained the right to seek indemnification from Defendants in the event Defendants became liable for certain indemnified events." |
| ¶4 "After [Fannie Mae & Freddie Mac] discovery that numerous mortgage loans breached certain of those representations and warranties, [Fannie Mae & Freddie Mac] made claims against LBHI for losses suffered on the mortgage loans." | ¶2 "After Fannie Mae and Freddie Mac discovered that the mortgage loans breached certain of those representations and warranties, Fannie Mae and Freddie Mac made claims upon LBHI for losses suffered on the Defective Loans." |
| ¶7 "…LBHI seeks to recover money damages from Defendants for LBHI's indemnification claims related to the loans sold by each Defendant." | ¶3 "…LBHI seeks…to…recover money damages from Defendants for the indemnification claims." |

| | |
|---|---|
| ¶16 "At all relevant times, LBHI engaged in the purchase and sale of mortgage loans directly or through affiliates, including Lehman Brothers Bank FSB ("LBB"), and then sold the loans to third parties, including [Fannie Mae and Freddie Mac]." | ¶10 "At all relevant times, LBHI engaged in the purchase and sale of mortgage loans directly or through affiliates, including Lehman Brothers Bank, FSB ("LBB"), then sold the loans to third parties, including Fannie Mae and Freddie Mac." |
| ¶18 "Defendants entered into written agreements with titled Mortgage Loan Agreements (the "Loan Purchase Agreements") with LBB." | ¶12 "This dispute arises out of (i) certain Defendants' sale of residential mortgage loans to LBHI's assignor, LBB, under a number of substantially similar Loan Purchase Agreements between LBB and certain Defendants (each an "LPA," collectively, the "LPAs")[.]" |
| ¶19 "The Loan Purchase Agreements specifically incorporate the terms and conditions of the Aurora Loan Services, LLC's Seller's Guides ("Seller's Guides"), which set forth additional duties and obligations of Defendants." | ¶13 "The LPAs specifically incorporate the terms and conditions of the Seller's Guide of Lehman's loan administrator, Aurora Loan Services, LLC (the "Seller's Guide") which sets forth additional duties and obligations of certain Defendants." |

*Compare also* RJN, Ex. A, ¶¶ 20-33, 35, 38, 39, and First Claim for Relief to Present Action complaint ¶¶ 12, 13, 15-17, 20-28, 40-42, 46, 47 and Second Claim for Relief.

LBHI must pay PMAC its reasonable fees and costs for all legal work undertaken in the now dismissed Prior Action that is either duplicative or otherwise cannot be used in the Present Action. Such work product includes: (1) reviewing and responding to the complaint and other filings; (2) drafting and filing a stipulation to extend time to respond to the complaint; (3) applying for admission pro hac vice and noticing appearances; (4) conferring with defense counsel and preparing a pre-trial scheduling report; (5) filing a transcript request; (6) drafting, filing, and arguing a motion to dismiss; (7) researching and conforming documents for the district, local rules, and judge's rules; and (8) costs and expenses incurred

in relation to the prior-described work.

### III. ARGUMENT

LBHI voluntarily dismissed the Prior Action to avoid the effect of an unfavorable ruling from the Tenth Circuit and then re-filed the same action with the *same claims* for the *same loans* in bankruptcy court in New York with the hope of a more favorable ruling. Because this maneuver amounts to improper forum shopping, Lehman must pay PMAC's fees and costs for having to defend against this re-filed action.

Under Fed. R. Civ. P. 41(d): "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." For each of the reasons set forth below, this Court can and should order LBHI to pay all fees and costs incurred by PMAC for the reasons set forth below.

#### A. <u>FRCP 41(d) is intended to prevent the very forum shopping LBHI has engaged in.</u>

LBHI is forum shopping and should bear the duplicative fees and costs imposed on PMAC. The purpose of Rule 41(d) is "to prevent forum-shopping within the federal court system…[and] serves the broader purpose of penalizing a plaintiff for re-filing the very suit he has previously dismissed." *Adams v. New York State Educ. Dep't*, 630 F.Supp.2d 333, 343 (SDNY 2009) ("*Adams*"). "The purpose of [awarding costs] is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be re-filed and will impose duplicative expenses upon him. Costs are most often imposed in circumstances such as those existing here; *i.e.,* here the plaintiff has brought an identical, or nearly identical, claim and requested identical, or nearly identical relief." *Gordon v. Kaleida Health*, No. 08-

CV-0950S, 2012 U.S. Dist. LEXIS 75926, at *4-5 (W.D.N.Y. May 31, 2012). The Court has the authority to grant fees and costs to PMAC and should do so because LBHI dismissed and re-filed an identical proceeding and claim for relief to avoid an unfavorable ruling in the Central District of California.

### B. **LBHI's suit in the Prior Action was an identical suit, with identical parties and identical claims, to the Present Action.**

The weight of authority supports an award of *both* attorneys' fees and costs. "[W]here a plaintiff…voluntarily dismisses a lawsuit and then files a second suit against the same defendants predicated on the same facts, defendants may be entitled to recover their costs and attorneys' fees expended in defending the first suit and to stay the second suit until payment of those costs." *Adams*, *supra*; *See also New Phone Co. v. N.Y. City Dep't of Info. Tech. & Telecomm.*, Nos. 06-CV-3529, 07-CV-2474, 2007 U.S. Dist. LEXIS 74693, at *16-17 (E.D.N.Y. Oct. 5, 2007) ("Although Rule 41(d) does not explicitly provide that attorneys' fees maybe (sic) awarded, the weight of authority in this Circuit supports such an award."); *Stiftung v. Sumitomo Corp.*, 99 Civ. 1108, 2001 U.S. Dist. LEXIS 20746, at *9 (S.D.N.Y. Dec. 14, 2001) (attorneys' fees are included in costs awarded pursuant to Rule 41(d)).

Here, PMAC incurred a total of $42,639.20. *See* Declaration of Tamara A. Seelman ("Seelman Decl.") ¶2 and Amjad M. Khan Decl. ("Khan Decl.") ¶2. These fees are limited to those that cannot be used in the Present Action. *See Ivoclar Vivadent Inc., v. Corp. Cortex Machina,* No. 01-CV-0113, 2004 U.S. Dist. LEXIS 22729, 2004 WL 2315071 at *7 (W.D.N.Y. Oct. 14, 2004) ("payment of fees [upon dismissal without prejudice] must be limited to compensation for work that cannot be used in a second contemplated action, and the amount of fees awarded must be supported by evidence in the record.").

PMAC cannot reuse most of the work completed in the Central District

Action. At the very least, PMAC has to review LBHI's complaint re-filed in bankruptcy court in New York, strategize for its response based on applicable Second Circuit and Southern District of New York authorities, formulate new facts and legal sections to account for Lehman suing a number of unrelated parties, file additional pro hac vice applications, and conform all pleadings to this Court's and District's local and judges' rules. PMAC additionally incurred the costs of attending the hearing on the motion to dismiss and all disbursements in the Central District Action. Khan Decl., ¶2, Ex. A; *see Zucker v. Katz*, No. 87 Civ. 7595 (SWK) 1990 U.S. Dist. LEXIS 1748 *7-8 (S.D.N.Y. Feb. 21, 1990) ("The defendants request attorneys' fees of $2,201.72 for court attendance for the first action. These are the type of costs which are clearly covered by Rule 41(d) because they cannot be used in defense of the second action"); at *9-10 (granting costs for disbursements of reporting service, law journal service, duplicating costs, telephone tolls, telecopy, postage, external messengers, express delivery and public transportation). PMAC's attorneys' hourly rates are $375/hr and $395/hr and are reasonable based on the local rates. Khan Decl., ¶3; Seelman Decl. ¶3.

Accordingly, PMAC requests this court grant its motion for attorneys' fees and costs for work product that cannot be re-used in the Present Action.

### C. **PMAC is entitled to a stay of the Present Action if attorneys' fees and costs are awarded.**

The Court should stay this action until LBHI satisfies any outstanding attorneys' fees and costs. "Although the stay of proceedings may be discretionary, the rule will ordinarily be applied unless there are special facts and circumstances presented which show that it would be unjust and inequitable to apply it." *World Athletic Sports Corp. v. Pahlavi* (S.D.N.Y. 1966) 267 F.Supp.160, 164 [internal citation omitted]. "The staying of suits pending the payment of costs incurred in prior actions involving the same parties and the same (or similar subject matter) is

now universal." *Id.*, at 163. LBHI dismissed the Prior Action immediately before a ruling could be issued on the pending motion to dismiss. LBHI anticipated an unfavorable result from the Central District of California based on a Tenth Circuit ruling and re-filed the same action in New York to the detriment and expense of PMAC.

Accordingly, the Court should, at a minimum, require LBHI to pay the duplicative costs it imposed on PMAC (at no fault of PMAC) and stay this proceeding until such costs are satisfied.

## IV.  CONCLUSION

Rule 41(d) and applicable authorities specifically provide for fees and costs, and a stay of action, where a subsequent lawsuit is asserted against the same party for the same claims – *i.e.* forum shopping. PMAC should not be prejudiced because LBHI desires a more advantageous forum. Respectfully, PMAC requests the Court grant its motion for attorneys' fees and costs and stay the Present Action until LBHI does so.

Dated: April 25, 2016                              **BROWN NERI SMITH & KHAN, LLP**


By:  /s/ Amjad M. Khan
        Amjad M. Khan


*Attorneys for Defendant PMAC Lending Services, Inc.*

# CERTIFICATE OF SERVICE

I, Amjad M. Khan, hereby declare under penalty of perjury as follows:

I am a partner at the law firm of Brown, Neri & Smith LLP, with offices at 11766 Wilshire Blvd., Los Angeles, California 90025. On April 25, 2016, I caused the foregoing **MOTION FOR ATTORNEYS' FEES AND COSTS [FRCP 41(d)]** to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 25, 2016

/s/ Amjad M. Khan