

# AMERICAN
## MORTGAGE LAW GROUP, P.C.

75 Rowland Way, Suite 350
Novato, CA 94945
Telephone (415) 878-0030
Facsimile (415) 878-0035

May 26, 2016

*Via ECF*

The Honorable Shelley C. Chapman,
United States Bankruptcy Court for
    the Southern District of New York
One Bowling Green
New York, New York 10004

    Re:    **Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, L.L.C., et al**
           **Adv. Proc. No. 16-01019**
           **Lehman Brothers Holdings, Inc. v. American Bank and Congressional**
           **Bancshares, Inc. (successor-in-interest)**
           **Adv. Proc. No. 16-01003**

Dear Judge Chapman:

    This firm[1] represents 21 defendants named in the above referenced action[2] as well as Congressional Bancshares, Inc. ("Defendants"). This letter serves as an objection[3] to the recently filed "[Proposed] Case Management Order" ("Proposed CMO") filed by Lehman Brothers Holdings, Inc. ("LBHI") and the hearing currently calendared for a Case Management Conference on June 2, 2016. [4]

    While the Defendants do not object to the promotion of efficiency for all parties and the Court, they object to LBHI's requests in the Proposed CMO as they are a clear attempt at an end run around due process and the Federal Rules of Civil and Bankruptcy Procedure. Defendants specifically respond and object to the Proposed CMO as follows:

1) To the Jurisdiction of the Court: Defendants, each of them, reserve all rights and defenses pertaining to this issue which will be addressed in their individual responsive pleading;

---

[1] Co-Counsel (Local Counsel) for all Defendants is Blank Rome LLP
[2] See list of clients this firm represents attached as Exhibit "A".
[3] Defendants reserve all rights not explicitly stated herein including, but not limited to, Right to a Jury Trial
[4] ECF Document 106-1 filed on May 16, 2016

**AMERICAN MORTGAGE LAW GROUP, P.C.**

May 26, 2016                                                                                                           Page Two

2) To a finding that these claims have a "Close Nexus with the Plan" or that the claims constitute a "Core proceeding"[5];

3) To the requirement that Defendants "self-govern" and "coordinate discovery, briefing, and oral argument" with all other named defendants in the above referenced adversary proceeding beyond that which is contemplated under applicable rules of civil procedure;

4) To LBHI being granted a unilateral right to request a "different structure for organization by Defendants" if LBHI "believes" the requested self-governing by Defendants is not "achieving" a certain purpose;

5) To the request in paragraph 6 of the Proposed CMO that mandates Defendants seek permission to be allowed to present facts or issues to the Court by way of "Letter Request" as this would substantially impair the rights already afforded Defendants by virtue of their individual Due Process rights and under the applicable Rules of Federal Bankruptcy and Civil Procedure. In other words, Defendants object to the *de facto* forfeiture of their right to present individualized motions and defenses.;

6) To any Order limiting Defendants to one joint responsive pleading by way of a Fed. R. Civ P. 12(b) or other Motion, as well as the page and time limit requests to the extent these limit requests contradict applicable local or federal rules, and;

7) To any finding or Order relating to successor liability of any entity, especially with regard to those entities that LBHI has not named in these complaints, without proper submission of competent evidence by LBHI that meets the requisite burden of proof or adheres to the requisite due process afforded to the *alleged* successors including but not limited to any Order that these stranger entities provide discovery to LBHI.

The Defendants have no objection to adjournment of the June 2, 2016 Case Management Conference hearing to a date determined convenient for all defendant's counsel in these matters and the Court.

Very truly yours,

/s/ *Tracy L. Henderson, Esq*
/s/ *Timothy W. Salter, Esq*_____
Tracy L. Henderson, Esq
Timothy W. Salter, Esq.

Cc: Wollmuth Maher & Deutsch, LLP (Counsel for LBHI) and all parties via ECF

---

[5] LBHI has conceded these claims for "contractual indemnification" are not "core proceedings" Cases 1:15-cv00304-PAE and 1:15-cv00304-GHW, Doc. 8, p. 11