16-01019-scc   Doc 409   Filed 03/27/17   Entered 03/27/17 20:04:05   Main Document
Pg 1 of 2



American Mortgage Law Group, P.C.
75 Rowland Way, Suite 350
Novato, CA  94945
Telephone (415) 878-0030
Facsimile (415) 878-0035
www.americanmlg.com

March 27, 2017

**Via ECF and E-Mail:** scc.chambers@nysb.uscourts.gov

The Hon. Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

        Re:    *Letter Request for Pre-Motion Conference on Motion per 28 U.S.C. § 1404 or 1412*

**In re Lehman Bros Holdings Inc., et al., Chapter 11, Case No. 08-13555 (SCC);**
**In re Lehman Bros. Holdings v. 1st Advantage Mortgage., Adv. Pro. No. 16-01019 (SCC) (Master Docket);**
**Lehman Brothers Holdings Inc. v. Bondcorp Realty Services Inc., Adv. Pro. No. 16-01302 (SCC)**

Dear Judge Chapman:

This firm is counsel for Bondcorp Realty Services Inc. ("Bondcorp") in the above referenced adversary proceeding.

On behalf of Bondcorp, this firm respectfully requests a pre-motion conference pursuant to paragraph 15 of the Case Management Order governing the above referenced Adversary Proceeding. As discussed herein, Bondcorp intends to join in the omnibus FRCP 12(b)(3) motion to dismiss on the basis that venue is improper. Additionally, it has unique issues which form a basis to plead in the alternative under 28 U.S.C. §§1404 or 1412 requesting transfer of venue based on the discrete issues of convenience, fairness and, in one instance, an express mandatory forum selection clause.

The Court has discretion to transfer the case to another district "in the interest of justice or for convenience of the parties." FRBP 1014(a)(1); 28 USC §§ 1404, 1412. Such motions to transfer are determined upon considerations of convenience and fairness on a case-by-case basis. *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 449 (E.D.N.Y. 2013). Assessing whether transfer is a valid exercise of discretion requires the Court to balance various factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the

**AMERICAN MORTGAGE LAW GROUP, P.C.**

The Hon. Shelley C. Chapman
United States Bankruptcy Court
March 27, 2017                                                                                                    Page Two

relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice. *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013).

"Courts typically regard the convenience of witnesses as the most important factor in considering a Section 1404(a) motion to transfer." *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 27 (S.D.N.Y. 2016); *Horanzy v. Vemma Nutrition Co.*, 87 F. Supp. 3d 341, 347 (N.D.N.Y. 2015). The location of the operative events is a primary factor in determining a Section 1404(a) motion to transfer, substantially favors transfer, and a consideration of the relative means of the parties by the Court also generally favors transfer. *Everlast, supra*, at pps. 745-746. Courts making venue determinations in contract disputes consider "'where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred.'" *Matera v. Native Eyewear*, 355 F.Supp.2d 680, 686 (E.D.N.Y.2005); *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005).

For Bondcorp, the factors support a meritorious motion to transfer as the locus of operative facts, all pertinent evidence, witnesses and corporate headquarters are located in the same state. This state is not New York. Likewise, the contracts at issue were signed in California and either the real property in the loan transactions is located in that particular state or is located in another state which is not New York.

For the foregoing reasons, Bondcorp respectfully requests a pre-motion conference.[1]

Respectfully,

*/S/ Evans Prieston, Esq.*

---

[1] For avoidance of doubt, this request does not operate as consent to this Court's jurisdiction nor to a trial by this Court. A separate Jury Demand will be filed for each Defendant this firm represents.