**WOLLMUTH MAHER & DEUTSCH LLP**
500 FIFTH AVENUE
NEW YORK, NEW YORK 10110
_____

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

April 14 , 2017

VIA ECF, HAND-DELIVERY AND E-MAIL

The Honorable Shelley C. Chapman
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004

      Re:   *Lehman Brothers Holdings Inc. v. America's Mortgage Alliance, Inc. and America's Mortgage, LLC*, Adv. Proc. No. 16-01378

Judge Chapman:

      This firm and Rollin Braswell Fisher LLC represent Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), and under Paragraphs 11 and 15 of the Court's case management order entered November 1, 2016 [Adv. Proc. No. 16-01019, ECF No. 305] (the "CMO"), respectfully submit this Letter Response in opposition to America's Mortgage Alliance, Inc.'s ("AMA") and America's Mortgage, LLC's ("AML") request for "an individualized motion to transfer venue, or alternatively, to file a Supplemental Brief to address the facts and issues unique to them with respect to the subject matter and legal arguments made in the Omnibus MTD." Adv. Proc. No. 16-01378, ECF No. 18. For the reasons set forth below, this request to "step out of line" should be denied.

      AMA's and AML's request to make an individualized motion to transfer venue under either 28 U.S.C §§ 1404 or 1412 is untimely. Paragraph 15 of the CMO permits Defendants such as AMA to file letters requesting a pre-motion conference to file "motions under . . . 28 U.S.C. § 1404 (change of venue)," by January 17, 2017. *See* CMO ¶ 15. A later Order bound AML and additional parties to the CMO and required them to submit any Letter Requests before the later of March 21, 2017 or twenty-one (21) days from the entry of the order (*i.e.*, March 27, 2017). *See* Adv. Proc. No. 16-01019, ECF No. 397. Both dates had long passed when AMA and AML submitted their Letter Request on April 5, 2017.

      Further, the arguments in AMA's and AML's Letter Request is meritless. As set forth more fully in the Plan Administrator's letter of April 12, 2017 (Adv. Proc. No. 16-01019, ECF No. 419), the factors considered in a change or transfer venue motion weigh in favor of keeping the cases in this Court. AMA's and AML's argument to transfer venue should be rejected under traditional venue analysis and under the special public policy favoring the centralized resolution of bankruptcy-related disputes. This policy is especially important here, where the Actions are related to and substantially identical to approximately 100 other actions pending in this Court.

AMA's and AML's proposed transfer motions would eliminate the efficiencies of coordinated adjudication underlying that public policy and the coordinating orders of this Court and further frustrate the Plan Administrator's effective and efficient administration and management of the assets of the Lehman Estate, including the indemnification claims.

Rather than litigating these nearly identical cases in courts across the country, this Court's continued oversight of the indemnification claims in the Actions would undoubtedly enhance efficiency and uniformity and advance the interests of estate creditors. Indeed, the United States District Court for the Southern District of New York and other courts have concluded that the indemnification claims should be heard in this Court.[1]

Failing to address the well-reasoned rulings of multiple courts, Defendants seek to transfer venue largely—if not principally—to avoid this Court's previous rulings that LBHI's indemnification claims are timely. Although the Court's decisions represent black-letter New York law,[2] Defendants propose to petition other courts to create conflicting rulings and complicate the Plan Administrators' careful case management efforts and increase the expense to Estate creditors. These efforts should be rejected.[3]

AMA's and AML's alternative request to file a "Supplemental Brief to address the facts and issues unique to them with respect to the subject matter and legal arguments made in the Omnibus MTD" should also be denied. AMA and AML never explain why there is anything "unique" to them regarding the Omnibus MTD. Rather, like other defendants in the Omnibus MTD, they claim they did not transact business within New York. *Compare* Letter Request at 2 *with* Omnibus MTD at 28-29 (Dkt. No. 413). Accordingly, AMA's and AML's proposed Supplemental Brief is not unique to them and, thus, unnecessary.

For these reasons, the Plan Administrator respectfully requests that the Court deny AMA's and AML's request to file an individualized motion to transfer venue, or alternatively, to file a Supplemental Brief.

              Respectfully submitted,

              */s/ Adam M. Bialek*
              Adam M. Bialek

cc:  All counsel of record (*via ECF*)

---

[1] *See, e.g.*, *Lehman Bros. Holdings Inc., v. iFreedom Direct Corporation (f/k/a New Freedom Mortgage Corporation)*, Case No. 16-cv-00423 (S.D.N.Y. March 7, 2017) ("[s]ubstantial efficiencies will be gained by consolidating the resolution of these proceedings in a single forum. Moreover, the bankruptcy judge is familiar with the facts and law in these actions and is better positioned than this Court to hear the cases in the first instance."); *SecurityNational Mortgage Co. v. LBHI*, C.A. No. N16-C-01-221, 2016 WL 6396343, *9 (Del. Super. Ct. Sept. 9, 2016) (held that Bankruptcy Court was the most appropriate forum for resolution of the issues because of its familiarity with the complexities of the Lehman bankruptcy and for judicial efficiency).

[2] *Hometrust Mortg. Co. v. LBHI*, No. 15CV4060, 2015 WL 5674899, at *2-3 (S.D.N.Y. Sept. 25, 2015),

[3] To the extent this Court entertains AMA's and AML's untimely and meritless request to file a separate venue motion, which it should not, it should adopt the Plan Administrator's proposed procedure set out in its letter of April 12, 2017 [ECF No. 419] that enables it to engage in limited discovery to develop the factual record needed to adjudicate such a motion and then file a joint brief with separate fact-specific affidavits.