# WOLLMUTH MAHER & DEUTSCH LLP
500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

———————

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

April 14 , 2017

VIA ECF, HAND-DELIVERY AND E-MAIL

The Honorable Shelley C. Chapman
United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Courtroom 623
New York, New York 10004

      Re:   *Lehman Brothers Holdings Inc. v. First Equity Mortgage Brokers, Inc.*, Adv. Proc. No. 16-01305

Judge Chapman:

      This firm and Rollin Braswell Fisher LLC represent Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator") in the above-referenced action and the other individual actions filed under the case management order entered November 1, 2016 [No. 16-01019, ECF No. 305] (the "CMO"). Pursuant to Paragraph 11 of the CMO, LBHI respectfully submits this Letter Response in opposition to the request for permission to file a supplemental brief "regarding unique facts and issues which it believes warrant dismissal" by First Equity Mortgage Brokers, Inc. ("FEMBI"). Specifically, FEMBI seeks to make a supplemental motion to dismiss based on either: (i) the affirmative defense of accord and satisfaction regarding a purported settlement agreement between Aurora Loan Services LLC and FEMBI; or (ii) the defense of non-performance by the Plan Administrator for failure to provide notice of assignment. *See* Adv. Proc. No. 16-01305, ECF No. 14 (the "Letter Request") at 1. For the reasons set forth below, this request to "step out of line" should be denied because it is procedurally improper and meritless.

      *First*, under the CMO, Phase I is dedicated to motions under Rule 12(b)(6) and other "threshold" motions under Rule 12. Specifically, Paragraph 9 of the CMO calls for a single consolidated motion limited to Rules 12(b)(1) (lack of subject matter jurisdiction), 12(b)(3) (improper venue), 12(b)(6) (failure to state a claim upon which relief can be granted), 12 (b)(7) (failure to join a party under Rule 19), 12(e) (for a more definite statement), and 12(f) (to strike). The motion that FEMBI proposes to make falls under none of those rules. Because this proposed motion does not fall within Phase I of this proceeding, FEMBI's request should be denied.

      FEMBI acknowledges that its position would fail if this Court adheres to the plain terms of its settlement agreement as the purported "release given by Aurora . . . did not specifically name LBHI as among the releasing parties." Letter Request at 1. To have any chance of overcoming the express terms of the settlement agreement, FEMBI would first have to prove that, as a matter of law, the settlement's terms are ambiguous; and then, presumably through discovery, propound

extrinsic evidence in support of its interpretation. This is not a proper basis for a Phase I motion. While it claims that the release does not matter, FEMBI's defense would require consideration of facts outside the Complaint, and cannot properly be decided on a threshold motion to dismiss. *See e.g.*, *In re Motors Liquidation Co.*, 563 B.R. 498, 505 (Bankr. S.D.N.Y. 2016) (affirmative defenses "cannot ordinarily support" a 12(b)(6) dismissal and may only be adjudicated upon 12(b)(6) motion if the defense is "clear" from the complaint itself).

*Second*, even if it were procedurally proper, FEMBI's Letter Request is meritless. FEMBI contends that it had no notice that the claims were assigned to LBHI.[1] However, the agreements permit such assignments and impose no notice requirement. Section 4 of the Loan Purchase Agreement between FEMBI and Lehman Brothers Bank FSB ("LBB") contains no notice requirement in connection with any assignment. The Loan Purchase Agreement specifically permits assignment, subject only to the limitation that *LBB* must consent to any assignment. Further, under the Seller's Guide (incorporated by the Loan Purchase Agreement), there was no requirement that notice be given of "remedies available against the Seller for Seller's breach of any representation, warranty or covenant hereunder, including without limitation, the repurchase and indemnification remedies."[2] In any event, an assignment is valid despite a failure to give notice unless an express agreement provides to the contrary. *See Univ. Mews Associates v. Jeanmarie*, 471 N.Y.S.2d 457, 461 (N.Y. Sup. Ct. 1983) (assignment restrictions do not void assignment absent "express provisions that any assignment shall be void or invalid if not made in a certain specified way"); *see also In re Britton*, 288 B.R. 170, 173 (Bankr. N.D.N.Y. 2002) ("only express limitations on assignability are enforceable" (emphasis in original)). No restriction on assignment invalidated the assignment in question.[3]

*Finally*, FEMBI's argument that "LBHI . . . fail[ed] to appraise FEMBI of proofs of claim filed by Fannie Mae and/or Freddie Mac," (Letter Request at 1), is irrelevant. No Lehman entity had a duty to provide notice of these proofs of claim filed by third-parties, and the extent of FEMBI's notice—if relevant—will be the subject of discovery. This issue is not a proper subject for a Phase I threshold motion.

The Plan Administrator respectfully requests that the Court deny FEMBI's request to file a supplemental motion to dismiss.

                Respectfully submitted,

                /s/ Adam M. Bialek

                Adam M. Bialek

cc:    All counsel of record (*via ECF*)

---

[1] This is a fact question not appropriate for Phase I motions.
[2] Seller's Guide § 713.3. While Section 713.3 contains a notice requirement, that requirement applies to a Purchaser's assignment of its rights and duties under the Loan Purchase Agreement and does not apply to the indemnification remedy or other representations and warranties. *See also* Seller's Guide § 701.
[3] In addition, assuming *arguendo*, notice was required, this defense is not unique to FEMBI. Accordingly, this issue is not appropriate for a Phase I "step out of line" supplemental brief.