

**BECK, CHAET,
BAMBERGER & POLSKY, S.C.**

Two Plaza East, Suite 1085
330 East Kilbourn Avenue
Milwaukee, Wisconsin 53202

414.273.4200
Fax 414.273.7786

May 3, 2017

<u>VIA ECF, E-MAIL AND HAND DELIVERY</u>

Honorable Shelley C. Chapman
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, New York 10004-1415
E-Mail: scc.chambers@nysb.uscourts.gov

Re:   *Lehman Brothers Holdings Inc. v. 1st Advantage Mortgage, L.L.C., et al*, Adv. Proc. No. 16-01019 (Consolidated Action); *Lehman Brothers Holdings Inc. v. Guaranty Bank, FSB*, Adv. Proc. No. 16-01366 (Individual Action)

Dear Judge Chapman:

On behalf of my client, Guaranty Bank ("Guaranty"), I filed a January 16, 2017, letter to the Court [Dkt. No. 318[1]] pursuant to Section 15 of the Case Management Order in this case requesting a pre-motion conference for Guaranty's intended Motion to Change Venue pursuant to a forum selection clause contained in a settlement agreement entered into between Guaranty and LBHI dated March 15, 2011 (the "Settlement Agreement"). In an April 12, 2017, letter submitted to the Court by Lehman Brothers Holdings Inc. ("LBHI") [Dkt. No. 419] responding to the letters of defendants, including Guaranty, who requested a pre-motion conference, LBHI contends that by requesting a pre-motion conference with respect to its intended Motion to Change Venue, Guaranty is "attempt[ing] to re-litigate an issue it previously lost and failed to appeal." Since LBHI appears to be challenging the right of Guaranty to even bring its Motion, contrary to Section 15 of the Case Management Order, Guaranty feels compelled to submit this letter to briefly set forth Guaranty's position in advance of the May 11, 2017, pre-motion conference scheduled with the Court.

---

[1] A redacted copy of Guaranty's January 16, 2017 letter was electronically filed as Document 318 in the central docket, along with Guaranty's *Ex Parte* Motion Pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for Authority to (1) File Documents Under Seal, and (II) Redact Nonpublic Information (the "*Ex Parte* Motion"), since Guaranty's letter references provisions of the Settlement Agreement, which contains a confidentiality provision. An unredacted courtesy copy of Guaranty's January 16, 2017 letter, the *Ex Parte* Motion and other related documents were hand delivered to Your Honor's chambers on January 17, 2017. Guaranty was instructed by the clerk's office not to file the unredacted documents until the Court rules on the *Ex Parte* Motion, which, as of the date of this letter, has not yet occurred.



**BECK, CHAET,
BAMBERGER & POLSKY, S.C.**

Honorable Shelley C. Chapman
May 3, 2017
Page 2

Since LBHI's letter appeared to suggest that Guaranty should not be afforded an opportunity to file its Motion to Change Venue on the basis of collateral estoppel or issue preclusion, my partner, Steve Jelenchick, and I conducted a meet and confer call with Michael Rollin, one of the attorneys for LBHI in these proceedings, on May 2, 2017. In the call we discussed (among other issues) whether, in fact, LBHI planned to argue at the pre-motion conference that Guaranty should not be entitled to file a Motion to Change Venue. Attorney Rollin indicated that it is possible LBHI may make that argument. For the reasons stated below, any such argument by LBHI should be rejected, and Guaranty should be allowed to file its Motion to Change Venue.

In LBHI's April 12, 2017 letter, LBHI argues that Guaranty's intended Motion to Change Venue is an attempt to re-litigate a decision issued by the United States District Court for the Eastern District of Wisconsin in *Guaranty Bank v. Lehman Brothers Holdings, Inc.*, Case No. 2:15- CV15-549 wherein Judge Pamela Pepper dismissed a declaratory judgment action (the "Wisconsin Action") previously filed by Guaranty against LBHI. However, Judge Pepper's decision does not foreclose Guaranty from seeking in this Court to enforce the forum selection clause in the Settlement Agreement to transfer venue to the Eastern District of Wisconsin.

First, the Wisconsin Action was an action for declaratory judgment under 18 U.S.C. § 2201, which affords the court discretion to dismiss the action without deciding the merits of the plaintiff's claims. "As with other discretionary remedies, denial of declaratory relief as a matter of remedial discretion does not preclude further litigation on the same issues or claims." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4446 at 312 (2002). In her decision, Judge Pepper stated that the primary reason she was dismissing the Wisconsin Action was because it sought declaratory relief, and she had the discretion to decline to exercise jurisdiction over the matter. Judge Pepper did not order a transfer of venue of the Wisconsin Action to this Court, nor did she rule on the merits that Guaranty was precluded from seeking a change of venue before this Court. Rather, she declined to exercise jurisdiction because the "substantive issues," in other words, LBHI's actual claims against Guaranty, were pending in the adversary proceeding in this Court, not in the Wisconsin Action in Judge Pepper's court.

In dismissing Guaranty's declaratory judgment action, Judge Pepper stated in relevant part as follows:

> ***But I think the other main point here is that Guaranty has filed for declaratory relief. Declaratory relief, as you well know, by almost its very definition is a discretionary form of relief.*** And Mr. Rollin pointed to a



**Beck, Chaet,
Bamberger & Polsky, S.C.**

Honorable Shelley C. Chapman
May 3, 2017
Page 3

> handful of decisions out of the Seventh Circuit that commented on courts declining to grant or rule on declaratory judgment in situations where it would be generally more efficient for the Court that was handling other forms of the same sort of litigation to be able to handle them.
>
> But this is—this is—the form in which this complaint was filed I think places it in a different category than if, for example, in some way or another there would have been some other form of complaint that Guaranty might have filed or seeking something other than declaratory relief.
>
> . . . .
>
> ***So we have an actual adversary filed which tees up the substantive issues in front of Judge Chapman and a declaratory judgment request which is discretionary with me here.*** I think I certainly have to look at Guaranty's reasons for wanting to be here. And it is, you know, entitled to swift and efficient justice particularly in the context of the bankruptcy world which is where I think in comparison to my current job swift and efficient justice often happens frequently.
>
> ***But I don't think that this is a circumstance in which it is appropriate, given the posture that we now find ourselves in, for me to exercise that jurisdiction to retain the ability to -- that discretion -- to retain the ability to make a declaration on what Judge Chapman necessarily will find -- and I don't mean the outcome but I mean the topics -- necessarily will find in the adversaries in the Southern District.***

Transcript, E.D. Wis. Case 2:15-cv-00549-PP, filed 05/25/16 as Document 34 ("5/20/16 Trans.") at 42:6-19; 43:5-19 (emphasis added).

     Second, and perhaps more importantly, Attorney Rollin, as counsel for LBHI who argued LBHI's Motion to Dismiss before Judge Pepper, stated clearly on the record at the hearing that Guaranty would have the opportunity to raise defenses and arguments, which would necessarily include the issue of change of venue, before this Court if Judge Pepper were to dismiss Guaranty's declaratory judgment action. As stated by Mr. Rollin:



**BECK, CHAET,
BAMBERGER & POLSKY, S.C.**

Honorable Shelley C. Chapman
May 3, 2017
Page 4

> In terms of the result that we think is appropriate, I mean we think it's dismissal. Dismissal is not going to take anything away from Guaranty Bank. ***Dismissal will put them in their natural place as a defendant in a case in front of Judge Chapman who will hear their arguments and rule upon them.*** It is not the type of dismissal where they are simply thrown out of court and there's no opportunity to be heard.

5/20/16 Trans. at 15:20-16:1 (emphasis added).[2]

      Third, LBHI will have the opportunity to raise any collateral estoppel or issue preclusion arguments in its response to Guaranty's Motion to Change Venue, which Guaranty can then address in its reply. As such, that issue will be fully briefed so that this Court can make an informed decision on the merits. However, in that event Guaranty would respectfully request additional page limits to respond to LBHI's collateral estoppel or issue preclusion arguments equivalent in length to the pages LBHI has devoted to those issues in its response to the Motion to Change Venue.

      For the above reasons, Guaranty respectfully requests that the Court deny any request by LBHI at the pre-motion conference that Guaranty be precluded from filing its Motion to Change Venue.

Respectfully submitted,

/s/ *Matthew S. Vignali*
Matthew S. Vignali
E-mail: mvignali@bcblaw.net
Admitted Pro Hac Vice

---

[2] Attorney Rollin further argued that "Dismissal will manage that process without taking a single thing away from Guaranty and its right to pursue its defenses or any counterclaims that it may have." 5/20/16 Trans. at 17.