**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re:                                                          Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    Case No. 08-13555 (SCC)
                                                             :
           Debtors.
                                                             :
-------------------------------------------------------------x
LEHMAN BROTHERS HOLDINGS INC.,              Adversary Proceeding

     Plaintiff,                                                 No. 16-01297 (SCC)

v.

UNIVERSAL AMERICAN MORTGAGE
COMPANY, LLC

     Defendant.
-------------------------------------------------------------x
LEHMAN BROTHERS HOLDINGS INC.,              Adversary Proceeding

     Plaintiff,                                                 No. 16-01383 (SCC)

v.

EAGLE MORTGAGE HOLDINGS, LLC, as
successor by merger to EAGLE HOME
MORTGAGE, INC.; and UNIVERSAL
AMERICAN MORTGAGE COMPANY, LLC

     Defendants.
_____/

**UNIVERSAL AMERICAN MORTGAGE COMPANY AND EAGLE MORTGAGE HOLDING'S JOINT SUPPLEMENTAL MOTION TO DISMISS ON UNIQUE ISSUES**

Defendants Universal American Mortgage Company, LLC, and a formerly affiliated party, Eagle Mortgage Holdings, LLC, to whose interests in this matter UAMC succeeded (collectively "UAMC"), file this supplemental motion to dismiss Lehman Brothers Holdings, Inc.'s ("LBHI") complaints ("Complaints"),[1] dated December 22, 2016 and December 30, 2016, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable hereto by Federal Rule of Bankruptcy Procedure 7012(b), and Paragraph 11 of the Court's Case Management Order (ECF No. 305).

**INTRODUCTION**

Res judicata and collateral estoppel preclude LBHI from relitigating claims and issues resolved against it in prior lawsuits it filed against UAMC, and also preclude it from making claims that it could have asserted in those prior lawsuits. On six occasions—five in the U.S. District Court for the District of Colorado (collectively, the "Prior Cases"), and then again in a unanimous decision by the Tenth Circuit Court of Appeals that affirmed those five District Court judgments in a consolidated appeal (the "Appellate Case")—LBHI sought indemnification relief pursuant to a loan purchase agreement (the "2005 Agreement")[2] executed by UAMC, and the Aurora Seller's Guide, which was incorporated as a part of the 2005 Agreement. On each of those six occasions, judgment was entered in UAMC's favor on the grounds that LBHI's claims

---

[1] This Motion pertains to *Lehman Bros. Holdings v. Universal Am. Mortg. Co.*, Adv. Pro. 16-01297 and *Lehman Bros. Holdings v. Universal Am. Mortg. Co.*, Adv. Pro. No.16-01383. For ease of reference, UAMC cites only the pleadings in Adv. Pro. 16-01297, because the pleadings in both cases are essentially identical.

[2] UAMC and LBHI's assignor, Lehman Brothers Bank, FSB, entered into a Loan Purchase Agreement on September 20, 2005, which was later amended by Addendum on October 1, 2006, and which incorporates terms and conditions in a Seller's Guide by reference. This is the contract at issue in the current and former proceedings. *See e.g.*, Second Amended Adversary Complaint, *Lehman Bros. Holdings Inc. v. Universal Am. Mortg.*, Ad. Pro. No. 16-01297 (SCC), ECF 1 at 4-5; Amended Complaint at 1, *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co.*, LLC, No. 1:13-cv-00091(SCC), ECF No. 6 at 4. (**Note:** Because the pleadings in the Prior Cases are essentially identical, this Motion will only cite to pleadings filed in Case No. 1:13-cv-00091(SCC) for reference).

1

seeking contractual indemnification relief were untimely. Indeed, in affirming the summary judgments granted to UAMC in each of the five Prior Cases, the Tenth Circuit made clear that it "would regard Lehman Holdings' claims as causes of action for breach of contract even if Lehman Holdings had pleaded them as claims for indemnity [which LBHI in fact vehemently asserted in the Appellate Case it had done in the Prior Cases]. An action 'does not become an action for indemnity merely because the pleader has so denominated it.'"[3] Accordingly, the Tenth Circuit held that claims of this type under this contract do not accrue when the plaintiff paid a third party, or made a demand for payment on a defendant; they accrue when the defendant sold the allegedly defective loan which the plaintiff contends necessitated the subsequent payment and indemnification demand.[4]

Undeterred by the Tenth Circuit's conclusion that the nature of LBHI's claims in a case of this type, and the result of those claims, would be the same even if LBHI unambiguously pled them as claims for contractual indemnification, LBHI has now sued UAMC yet again, denominating its claims as ones for contractual indemnification. Again it seeks indemnification due to alleged failures on UAMC's part to comply with the 2005 Agreement. But res judicata and collateral estoppel preclude relitigation of claims and issues already resolved against the non-movant in prior suits. This Court should dismiss the Complaints because they are precluded by the binding judgments in the Prior Cases. Arguments based on claim and issue preclusion are

---

[3] *Lehman Bros. Holdings v. Universal Am. Mortg. Co., LLC*, 660 F. App'x 554, 568-69 (10th Cir. 2016) (internal citations omitted) (affirming, in a consolidated appeal, summary judgments for UAMC against LBHI on claims seeking indemnification relief as a consequence of alleged breaches of representations and warranties).

[4] *Id.* at 569 ("[We] conclude that the causes of action accrued when Universal American and Standard Pacific sold the defective loans with the representations and warranties. These sales had closed in 2006 and 2007, more than three years before Aurora and Lehman Holdings brought suit in 2011 and 2012. Thus, all of the claims are presumptively time-barred under Delaware's three-year period of limitations.").

entirely appropriate, and indeed advisable, at the motion to dismiss stage.[5] The Second Circuit has held that there is no "merit to [the] assertion that the defense of *res judicata* is not properly raised on a motion to dismiss."[6] And, because the purpose of res judicata is to avoid inconsistent findings and conclusions, the Supreme Court has mandated that, even if a court would reach a conclusion completely opposed to a prior court, the first ruling must stand, and the subsequent court must uphold the preclusive effect of the earlier determination of the issues.[7]

Because the rulings in the Prior Cases and in the Appellate Case have preclusive effect as to LBHI's claims against UAMC, UAMC's motion to dismiss should be granted.

## FACTUAL HISTORY

Each time LBHI has sued UAMC, LBHI's claims have arisen from the same transaction, issues, and course of dealing: the 2005 Agreement, the representations and warranties contained therein, and UAMC's loan sales under the agreement. In each of those Prior Cases, LBHI either claimed entitlement to contractual indemnity, or, at the very least, had the opportunity to do so (and contended that it *had* done so). The allegations in this case echo those made in the Prior Cases. For instance, LBHI describes the "Nature of [this] Action" as seeking contractual indemnity for UAMC's supposed breach of the 2005 Agreement—which parallels how LBHI described the Prior Cases.[8] And in both instances, LBHI alleged UAMC breached

---

[5] *Tokio Marine & Nichido Fire Ins. Co. v. Canter*, No. 07 CIV.5599, 2009 WL 2461048, at *3 (S.D.N.Y. Aug. 11, 2009) ("[I]t is well settled that a court may dismiss a claim on *res judicata* ... grounds on a Rule 12(b)(6) motion.").
[6] *Michaelesco v. Estate of Richard*, 355 F. App'x 572, 573 (2d Cir. 2009).
[7] *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398–99 (1981) ("[T]he res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.").
[8] LBHI's complaints in the prior cases described those actions as follows: "By this action, LBHI seeks to recover money damages for injuries that have been sustained as a result of Universal's failure or refusal to honor its obligation to repurchase loans and/or indemnify LBHI for its incurred losses." *E.g.*, Amended Complaint at 2, No. 1:13-cv-00091, ECF No. 6**.** Similarly, in this Case, LBHI's Complaints describe the nature of its action as follows: "In this action, LBHI seeks to enforce its right to contractual indemnification for liabilities, losses, damages, claims, judgments and any other costs, fees and expenses LBHI incurred as a result of Defendant's sale and/or submission of defective mortgage loans in breach of Defendant's representations, warranties, obligations, and/or covenants

3

representations, covenants, and warranties under the 2005 Agreement by specifically citing to the same sections of the Seller's Guide.[9] LBHI has, yet again, sued UAMC based on supposed defects in loans that it purchased from UAMC pursuant to the 2005 Agreement, and claimed a right to indemnity.

In LBHI's response to UAMC's (prevailing) motions for summary judgment on its statute-of-limitations defense, LBHI argued that its claims centered on UAMC's putative "failure to . . . *indemnify* [it] upon demand [constituting] a breach *independent and separate* from the breach that occurs as a result of misrepresentations and underwriting violations," and, therefore its "claims for *indemnification* of third parties d[id] not accrue until, at the earliest, the third-party claim [wa]s paid."[10] And LBHI later argued to the Tenth Circuit that the "***key question*** for this appeal is whether a claim for *indemnification* of amounts paid to a third party resulting from the sale of defective mortgage loans arises at the time the obligation to pay becomes fixed, rather than when the sale occurred."[11] LBHI emphasized that, "[e]ach complaint at issue in this appeal alleges UAMC breached its separate indemnification obligation under the [2005] Agreement,"[12] and that:

> [1] Each of [the Prior Cases'] pleadings alleges that UAMC's breach of representations and warranties damaged LBHI; [2] that LBHI advised UAMC of UAMC's *indemnification obligations* under the Agreements; [3] that UAMC refused to meet those obligations; and [4] *that UAMC's failure to indemnify LBHI*

---

and/or for which LBHI incurred liability due to Defendant's acts, failures to act and/or omissions (the "Defective Loans")." *See e.g.*, Ad. Pro. No. 16-01297, ECF 1 at 1.

[9] *Compare* Amended Complaint at 5–9, No. 1:13-cv-00091, ECF No. 6 ("With respect to each of the loans sold to Lehman under the Agreement and Seller's Guide, Universal made a number of representations, warranties and covenants concerning the mortgage loans including, but not limited to the following: . . . Section[s] 703(1) . . . 703(8) . . . 703(12) . . . 703(21) . . . [and] 701."), *with* Adv. Pro. No. 16-01297, ECF 1 at 5–8 ("With respect to each of the loans sold to LBHI (as, among other things, LBB's assignee) under the LPA[s], Defendant made a number of representations, warranties, and covenants concerning the quality, characteristics, and underwriting of the mortgage loans; the property securing the mortgage loans; and the borrowers[,] . . . [including] the following: . . . Section[s] 703(1) . . . 703(8) . . . 703(12) . . . 703(21) . . . [and] 701.").

[10] Resp. Mot. Summ. J. at 16-17, 23–24, No. 1:13-cv-00091 9 (SCC), ECF No. 39 (emphasis added).
[11] Reply Br. at 1, Nos. 14-1180, -1181, -1182, -1212, -1356 (emphasis added).
[12] *Id.* (emphasis added).

4

*was a breach of contract.* (A. 22, 928, 1606, 2275, 3228 (Am. Cmplts.)). Whether or not LBHI might have included additional allegations focused on its liability to Fannie/Freddie is irrelevant.[13]

## APPLICABLE LAW[14]

Under the doctrine of claim preclusion or res judicata, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."[15] Issue preclusion or collateral estoppel, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.* By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foster[] reliance on judicial action by minimizing the possibility of inconsistent decisions."[16] For that reason, courts must give preclusive effect to a prior decision on the merits, even if the reviewing Court believes the prior decision to be flatly wrong. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398–99 (1981) ("[T]he res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.").[17] As the Supreme Court explained in *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927), even an allegedly "erroneous conclusion" reached by the court in the first suit does not deprive the defendants in the second action "of their right to rely upon the plea

---

[13] *Id.* at 12 (emphasis added).
[14] The applicable substantive law is Colorado's, because for federal courts sitting in diversity, the law of the prior judgment's forum state applies. *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008), citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001).
[15] *Id*. at 892 (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).
[16] *Id.* (citing Montana v. United States, 440 U.S. 147, 153–154 (1979)).
[17] Citing *Angel v. Bullington*, 330 U.S. 183, 187 (1947); *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371 (1940).

5

of *res judicata* . . . . A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]."

## **ARGUMENT**

### **I.    Res Judicata Bars LBHI's Claims**

In Colorado, "[t]he claim preclusion doctrine applies when (1) the judgment in the prior proceeding was final; (2) the prior and current proceedings involved identical subject matter; (3) the prior and current proceedings involved identical claims for relief; and (4) the parties to the proceedings were identical or in privity with one another."[18] If those elements are met, then "[c]laim preclusion works to preclude the relitigation of matters that have already been decided *as well as matters that could have been raised in a prior proceeding but were not*."[19]

Here, the first element is easily met. Entry of summary judgement based on UAMC's statute of limitations defense constituted a prior final judgment in each of the Prior Cases, with those judgments affirmed in the Appellate Case.[20] The second element is equally straightforward, as LBHI is suing the same party (UAMC), under the same contract (the 2005 Agreement), for the same type of business transactions (loan sales), in a case involving many of the same allegations and underlying facts. The fourth element is also satisfied, because this case involves the same parties as those in the Prior Cases.

As for the third element, to determine whether claims are "identical," Colorado courts apply a transactional approach, under which "claims are tied by the same injury 'where they

---

[18] *In Matter of Water Rights*, 361 P.3d 392, 398 (Colo. 2015).
[19] *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005) (emphasis added); *see also Pricaspian Dev. Corp. (Texas) v. Royal Dutch Shell, plc,* No. 08 CIV. 9726 (DLC), 2009 WL 1564110, at *11 (S.D.N.Y. June 3, 2009), *aff'd,* 382 F. App'x 100 (2d Cir. 2010) (setting forth claim preclusion elements of Colorado law and explaining that claim preclusion "bars relitigation not only of all claims actually decided, but of all claims that might have been decided if the claims are tied by the same injury").
[20] *See Carpenter v. Young*, 773 P.2d 561, 568 (Colo. 1989) ("we conclude that the summary judgment order . . . should have been accorded preclusive effect.").

concern "all or any part of the transaction, or series of connected transactions, out of which the [original] action arose."'[21] For instance, "all claims of contractual breach" are part of a single transaction, and any claim for breach "not brought in an original action would be subject to a bar of claim preclusion."[22] The transactional theory bars even those claims that arise from "severable parts of a divisible contract [which] are considered separate transactions, [because] their presence within the same document is sufficient for claim preclusion."[23] Accordingly, claim preclusion bars a litigant from splitting claims into separate actions, because once judgment is entered in an action it "extinguishes the plaintiff's claim ... includ[ing] all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'"[24]

LBHI is making the same claim (for contractual indemnity) against the same defendant (UAMC) for the same conduct (losses caused by putatively defective loans). But even if the Court concludes that the claims are not identical, there can be no dispute that LBHI's present claims *could* have been brought in the Prior Cases, which would mandate the same outcome. Colorado's transactional approach would categorically deem the claims identical because they are "tied to" injuries related to "the same series of connected transactions," that is, UAMC's performance under the 2005 Agreement.

Even assuming that LBHI never brought (and never argued that it brought) contractual-indemnification claims before, its current claims would *still* be precluded because, as noted, they relate to the same "transaction" or "series of connected transactions" as those in the Prior

---

[21] *Meeper, LLC v. Powers*, No. 12-CV-01732-WYD-KMT, 2016 WL 369558, at *4 (D. Colo. Feb. 1, 2016) (citing *Loveland Essential Group, LLC v. Grommon Farms, Inc.*, 318 P.3d 6, 10 (Colo. App. 2012)).
[22] *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335-36 (10th Cir. 1988); *see also Loveland*, 318 P.3d at 10 ("Generally, a contract is considered to denote a single transaction for the purpose of claim preclusion, and therefore claims for different breaches of a contract ordinarily must be brought in the same action.").
[23] *Id.* at 1335-36 (citing the Restatement (Second) of Judgments);
[24] *Id.; Duane Reade,* 600 F.3d at 195.

7

Cases—namely, claims arising under the 2005 Agreement. Colorado's transactional approach precludes LBHI from bringing these claims now, as doing so would constitute impermissible "claim splitting."[25] In fact, the transactional approach's bar against claim splitting would preclude LBHI's claims even if the 2005 Agreement were deemed to consist of divisible or separate contracts and transactions, and even if LBHI's current claims were completely factually unrelated to those in the prior cases, which, of course, they are not.[26] Colorado law forbids claim splitting precisely to avoid the scenario LBHI has created here: where a plaintiff in the first action could have brought a claim but failed to do so and the action is dismissed, the unraised claim is barred in subsequent litigation.[27] Thus, even if LBHI were asserting new, different, and factually unrelated claims here (and it is not), those claims would nevertheless be precluded by res judicata, so long as those claims *could* have been brought in the Prior Cases.

## II. Collateral Estoppel Bars Relitigation of the Timeliness of LBHI's Claims

In addition, collateral estoppel serves as an independent bar against LBHI relitigating a type of claim already held to be untimely under the pertinent agreement. As this Court has explained, "collateral estoppel provides that 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'"[28] Colorado courts hold that "collateral estoppel . . . [bars relitigation of an issue] if: (1) the issue is identical to that actually adjudicated in a prior proceeding; (2) the party against whom estoppel is asserted is a party or in privity with a party in the prior proceeding; (3) there was a final judgment on the merits; and (4)

---

[25] *See Petromanagement Corp.* at 1335-36.
[26] *Id.*
[27] *See Dalal v. Alliant Techsystems, Inc.*, 934 P.2d 830, 833 (Colo. App. 1996) (precluding claim that could have been brought in prior action, but which was not, and explaining that the "conclusion is based on the principle behind res judicata of avoiding claim splitting.").
[28] *In re Lehman Bros. Inc.*, No. 08-01420(SCC) SIPA, 2015 WL 7451411, at *7 (Bankr. S.D.N.Y. Nov. 23, 2015) (Chapman, J.) (citing *Allen v. McCurry,* 449 U.S. 90, 94 (1980)).

the party against whom estoppel is asserted had a full and fair opportunity to litigate the issues in the prior proceeding."[29]

Here, the second, third, and fourth elements of this test are clearly satisfied. The parties are identical and there was a final judgment on the merits in the form of an appealed summary judgment order.[30] And LBHI had a "full and fair opportunity to litigate" the issue because it raised the very same timeliness issues in litigation arising out of the 2005 Agreement, and had the chance to argue its timeliness position to five District Courts and the Court of Appeals.[31]

The only question, then, is whether the issue of timeliness for this type of claim—one that the Tenth Circuit ruled is, in substance, a claim for breach of contract seeking indemnification relief, and thus untimely—is necessarily implicated by LBHI's claims in this Court. Colorado law provides that "[i]ssue preclusion applies to both legal and factual issues."[32] So, even "[i]f two cases present different legal issues, but nevertheless involve the same underlying factual issue, collateral estoppel may apply."[33] In addition, even where the "second action is brought on a different claim, collateral estoppel still applies to preclude relitigation of the [same underlying] issue . . . ."[34] Courts must therefore examine how similar the factual and legal issues in the proceedings are, as relitigation of either is precluded.

Here, the current and Prior Cases involve not merely the same type of claims, but necessitate consideration of the same legal issue. As the Tenth Circuit put it: "The overarching issue in this consolidated appeal involves timeliness. In our view, the suits are untimely under

---

[29] *S.O.V. v. People in Interest of M.C.*, 914 P.2d 355, 359 (Colo. 1996).
[30] *See Carpenter*, 773 P.2d at 568 (explaining that a summary judgment ruling is an adjudication on the merits).
[31] *See Bebo Const. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 87 (Colo. 1999) ("[F]actors determinative of whether an individual received a full and fair opportunity to litigate include: whether the remedies and procedures of the first proceeding are substantially different from the proceeding in which collateral estoppel is asserted; whether the party in privity with the party against whom collateral estoppel is sought had sufficient incentive to litigate vigorously; and the extent to which the issues are identical.").
[32] *Id.* at 1264.
[33] *Id.*
[34] *Id.* (citing Restatement (Second) of Judgments § 27 (1982)).

the statute of limitation*s*."[35] The Tenth Circuit expressly extended its holding to what LBHI had argued heatedly were contractual indemnification claims; the appellate court explained that, "we would regard Lehman Holdings' claims as causes of action for breach of contract even if Lehman Holdings had pleaded them as claims for indemnity. An action does not become an action for indemnity merely because the pleader has so denominated it . . . the causes of action accrued when Universal American . . . sold the defective loans with the representations and warranties. . . . Thus, <u>all</u> of the claims are presumptively time-barred under Delaware's three-year period of limitations. "[36] Because LBHI is again suing UAMC and seeking indemnity under the same contract, the same "timeliness" issue adjudicated in the Prior and Appellate Cases is necessarily at issue here.

The timeliness issue was thus "actually adjudicated," because UAMC pled a statute-of-limitations defense in its answer,[37] and then successfully moved for summary judgment on that basis and won a subsequent appeal. Adjudication of this issue was "necessary" to the prior judgments because it was the reason the courts in the Prior Cases granted[38]—and the Tenth Circuit affirmed[39]—UAMC's motion for summary judgment, rendering it essential for the judgment. Each element for a finding of collateral estoppel is present, therefore, and so LBHI is barred from asserting that its claims are timely. Therefore, the Complaints must be dismissed.

## **CONCLUSION**

For the foregoing reasons, this Court should grant this Motion and dismiss with prejudice LBHI's two Complaints against UAMC.

---

[35] *Lehman Bros. Holdings*, 660 F. App'x 554, 556 (emphasis added).
[36] *Id.* at 568–69 (emphasis added and internal quotations and citations omitted).
[37] *E.g.*, Answer to Am. Compl. at 5, No. 1:13-cv-00091 (SCC), ECF No. 39.
[38] *E.g.*, No. 1:13-cv-00091 (SCC), ECF 82.
[39] 660 F. App'x at 554.

          **BILZIN SUMBERG BAENA
 PRICE & AXELROD LLP**
1450 Brickell Avenue, Ste. 2300
Miami, Florida 33131
305-350-7232
Facsimile:  (305) 374-7593
Philip R. Stein *(Admitted Pro Hac Vice)*
Mindy A. Mora
James J. Ward
*Counsel for Universal American Mortgage
Company, LLC, and
Eagle Mortgage Holdings, LLC*

By: */s/ Philip R. Stein*
    Philip R. Stein (FBN 41517)
    *(Admitted Pro Hac Vice)*
    pstein@bilzin.com
    Mindy A. Mora
    mmora@bilzin.com
    James J. Ward
    jward@bilzin.com
    eservice@bilzin.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 15th day of June 2017, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CMF/ECF. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on all parties of record.

                                        */s/ Philip R. Stein*
                                        Philip R. Stein