# EXHIBIT 1

16-01019-scc Doc 455-1 Filed 06/27/17 Entered 06/27/17 18:34:10 Exhibit 1 - June 23   2017 Memorandum Decision and Order   Pg 2 of 19

Case 2:15-cv-00868-TC Document 59 Filed 06/23/17 Page 1 of 18

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| iFREEDOM DIRECT CORPORATION fka New Freedom Mortgage Corp., <br><br> Plaintiff, <br><br><br> vs. <br><br><br><br> LEHMAN BROTHERS HOLDINGS, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:15-cv-00868-TC <br><br> Judge Tena Campbell |

Ushering in a world-wide economic collapse, Lehman Brothers Bank (Lehman) declared bankruptcy in the fall of 2008. A few years before Lehman's bankruptcy, iFreedom Direct Corporation (iFreedom) sold and brokered mortgage loans to Lehman which then sold the loans to Lehman Brothers Holdings, Inc. (LBHI). As part of the transaction, iFreedom agreed to indemnify Lehman and its assignees for any defects in the loans.

16-01019-scc Doc 45-1 Filed 06/27/17 Entered 06/27/17 18:34:12 Exhibit 1 -
June 23 2017 Memorandum Decision and Order Pg 3 of 19

Case 2:15-cv-00368-TC Document 59 Filed 06/23/17 Page 2 of 18

Lehman asserts that many of the loans it bought, including those from iFreedom, were defective and lead to its downfall. After Lehman declared bankruptcy, LBHI and iFreedom engaged in court-ordered mediation to resolve LBHI's claims for indemnification. The mediation failed. Expecting LBHI to sue, iFreedom filed a declaratory-judgment action in this court, asking for a declaration that LBHI's indemnification claims are time-barred. Only a few days later, LBHI sued iFreedom and over 100 other loan sellers for indemnification in the United States Bankruptcy Court for the Southern District of New York (Bankruptcy Court)—the court managing Lehman's bankruptcy. With litigation ongoing in the Bankruptcy Court, LBHI has moved to dismiss iFreedom's declaratory action so the parties can litigate the issues in the Bankruptcy Court. Because the Bankruptcy Court provides a more effective forum for resolving this dispute, the court grants LBHI's motion.

## BACKGROUND

### I. The Loans and the Bankruptcy

In 2004 and 2005, iFreedom sold and brokered six mortgage loans to Lehman which Lehman then assigned to LBHI. iFreedom agreed to indemnify Lehman and its assigns for any defects in the mortgages. LBHI packaged these

2

mortgages with mortgages originated by other lenders and sold them to investors, including the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac). Many of the mortgages sold in this way ended in foreclosure, causing one of the largest economic collapses in history.

Lehman filed bankruptcy in 2008. Lehman's bankruptcy has been described as "the largest in American history." Michael J. de la Merced & Andrew Ross Sorkin, *Report Details How Lehman Hid Its Woes*, N.Y. TIMES, Mar. 11, 2010, at A1. And though bankruptcies commonly present thorny and complex issues, the complexities of Lehman's bankruptcy are possibly unmatched. See In re LBHI, 480 B.R. 179, 185 (S.D.N.Y. 2012) (describing the Lehman bankruptcy as "the most complex in United States history").

Since 2008, the Bankruptcy Court has carried the heavy burden of managing the intricacies of the Lehman bankruptcy. LBHI, in its role as the Plan Administrator for the Lehman bankruptcy, must liquidate the estate in a streamlined and cost-effective manner.

3

16-01019-scc Doc 55 Filed 06/27/17 Entered 06/27/17 16:34:10 Exhibit 1 -
June 23, 2017 Memorandum Decision and Order    Pg 5 of 19

Case 2:15-cv-45568-TC Document 59 Filed 06/23/17 Page 4 of 18

## II. The Bankruptcy's Offshoots, Indemnification Claims, and Pre-Litigation Mediation

In 2009 Fannie Mae and Freddie Mac filed proofs of claim with the Bankruptcy Court, seeking payment for losses incurred on defective mortgages sold to them by LBHI, including the loans from iFreedom. In 2014, Lehman settled the dispute with Fannie Mae and Freddie Mac. The Bankruptcy Court approved the settlement.

LBHI believes its possession valuable claims against parties that sold defective mortgage loans into LBHI's "loan sale and securitization channels." (Mot. to Dismiss or Stay the Proceedings vi, ECF No. 47.) LBHI contends that these parties must indemnify the Lehman estate for its liability to subsequent purchasers like Fannie Mae and Freddie Mac. LBHI calls these claims "Indemnification Claims" and maintains that it possesses thousands of them. LBHI argues that it has several valid Indemnification Claims against iFreedom which were triggered when it settled with Fannie Mae and Freddie Mac.

To manage the overwhelming volume of the Indemnification Claims the Bankruptcy Court entered an alternative-dispute-resolution order, compelling loan sellers like iFreedom to engage in pre-litigation mediation on LBHI's Indemnification Claims.

4

### III. Statute-of-Limitations Litigation by Other Parties

While LBHI and iFreedom mediated, several loan sellers moved to dismiss LBHI's Indemnification Claims against them, arguing that the Indemnification Claims were time-barred. The Bankruptcy Court rejected their statute-of-limitations argument. See <u>LBHI v. LHM Fin. Corp.</u>, Adv. Pro. No. 14-2393-SCC, Mem. Decision Den. Mot. to Dismiss, Dkt. No. 29. It found that the statute of limitations began to run in 2014 when LBHI settled with Fannie Mae and Freddie Mac, making the Indemnification Claims timely. <u>Id.</u> The loan sellers sought leave to appeal which the United States District Court for the Southern District of New York denied. See <u>Hometrust Mortg. Co. v. LBHI</u>, No. 15CV4060, 2015 WL 5674899 (S.D.N.Y. Sept. 25, 2015). That court determined that "[t]here can be no 'substantial doubt' that . . . [the] Indemnification Claims accrued only when" LBHI settled with Fannie Mae and Freddie Mac. <u>Id.</u> at *3.

In the United States Court of Appeals for the Tenth Circuit, other parties litigated different statute-of-limitations issues. <u>LBHI v. Universal Am. Mortg. Co., LLC</u>, 660 F. App'x 554 (10th Cir. 2016). There, LBHI did not assert "indemnification as a cause of action distinct from the cause of action for breach of contract," unlike its Indemnification Claims asserted in the Bankruptcy Court.

5

16-01019-shl Doc 55 Filed 06/27/17 Entered 06/27/17 18:34:10 Exhibit 1 - June 23 2017 Memorandum Decision and Order Pg 7 of 19

Case 2:15-cv-00368-TC Document 59 Filed 06/23/17 Page 7 of 19

Id. at 567. Rather, LBHI asserted a breach-of-contract cause of action seeking reimbursement for the defective loans. Id. Because LBHI had not asserted a cause of action for express contractual indemnification, the Tenth Circuit relied on implied-contractual-indemnification principles. Id. It held that LBHI's breach-of-contract claim was time-barred. Id. at 569.

## IV. The Adversary Action and the Declaratory Action

The court-ordered mediation between iFreedom and LBHI proved unsuccessful. With litigation on the horizon, iFreedom pre-emptively sued for a declaratory judgment in this court in late 2015 (the Declaratory Action), asking the court to declare that LBHI's Indemnification Claims are time-barred and meritless. Only a couple days after iFreedom brought the Declaratory Action, but before it served LBHI, LBHI filed adversary proceedings against iFreedom in the Bankruptcy Court (the Adversary Action), seeking the resolution of its Indemnification Claims there. Additionally, LBHI brought similar adversary proceedings based on its Indemnification Claims against more than 100 other parties.

iFreedom moved to dismiss the Adversary Action in the Bankruptcy Court. Additionally, iFreedom moved the United States District Court for the Southern

6

16-01019-scc Doc 45 Filed 06/27/17 Entered 06/27/17 18:34:10 Exhibit 1 - June 23 2017 Memorandum Decision and Order Pg 8 of 19

Case 2:15-cv-45568-T Document 59 Filed 06/23/17 Page 10 of 18

District of New York to withdraw the reference to the Bankruptcy Court. But the district court, finding that "substantial efficiencies will be gained by consolidating the resolution of [the Indemnification Claims proceedings] in a single forum" and that "the bankruptcy judge is familiar with the facts and law in these actions and is better positioned . . . to hear the cases," denied iFreedom's motion to withdraw the reference. LBHI v. iFreedom, 1:16-cv-00423, Order, Dkt. No. 29 at 1. Although the Bankruptcy Court has not ruled on iFreedom's motion to dismiss, it recently bound iFreedom to a case-management order developed to resolve the Indemnification Claims proceedings. See LBHI v. iFreedom, Adv. Pro. No. 15-01426, Order Granting Mot. to Bind iFreedom to Existing Case Management Order, Dkt. No 47. The Bankruptcy Court has also emphasized its belief that "[t]he most efficient thing is for [all the adversary proceedings] to be decided together by [the Bankruptcy Court]." (Reply in Support of Mot. to Dismiss or Stay the Proceedings, Tr. of Hr'g, Ex. L., 19:1–3, ECF No. 53.) And the Bankruptcy Court criticized what it viewed as iFreedom's attempts to collaterally attack its statute-of-limitations ruling by seeking a ruling from this court. (Id.)

7

16-01019-shl Doc 455-1 Filed 06/27/17 Entered 06/27/17 18:34:18 Exhibit 1 - June 23 2017 Memorandum Decision and Order Pg 9 of 19

Case 2:15-cv-00548 Document 59 Filed 06/23/17 Page 9 of 19

## **DISCUSSION**

LBHI moves the court to dismiss the Declaratory Action without prejudice. LBHI argues that because iFreedom's request for "declaratory relief involves the same parties and same issues pending before the Bankruptcy Court," the Bankruptcy Court would serve as a more effective forum for resolving the dispute. (Mot. to Dismiss or Stay the Proceedings vii–viii, ECF No. 47.) Moreover, LBHI argues that the Declaratory Action is iFreedom's attempt "to collaterally attack the Bankruptcy Court" which "has rejected iFreedom's statute of limitations defense." (Id. at viii.)

iFreedom responds that the Declaratory Action "has virtually no relation to LBHI's bankruptcy case" and, consequently, the Bankruptcy Court is not better positioned. (Mem. in Opp'n to Mot. to Dismiss 1, ECF No. 51.) It also maintains that because it filed the Declaratory Action a few days before LBHI filed the Adversary Action, this court should apply the first-filed rule and deny LBHI's motion to dismiss.

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any

8

16-01019-sec Doc 455-1 Filed 06/27/17 Entered 06/27/17 18:34:19 Exhibit 1 -
June 23 2017 Memorandum Decision and Order    Pg 10 of 19

Case 2:15-cv-00558-TC Document 59 Filed 06/23/17 Page 9 of 18

interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (2012). If the court makes such a declaration it "shall have the force and effect of a final judgment." Id.

Federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants" under the Declaratory Judgment Act. Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). "On its face, the statute provides that a court 'may declare the rights and other legal relations of any interested party seeking such declaration.'" Id. (quoting 28 U.S.C. § 2201(a)). The statute's textual commitment to discretion clarifies that the Declaratory Judgment Act is meant to "confer[] a discretion on the courts rather than an absolute right on the litigant." Id. (citation and internal quotation marks omitted). A district court has the discretion to dismiss an action seeking a declaratory judgment based on the "considerations of practicality and wise judicial administration." Id.

The Tenth Circuit has adopted five factors that district courts should consider in determining whether to exercise jurisdiction over a declaratory action. These factors are:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an

9

>    arena for a race to res judicata; [4] whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

United States v. City of Las Cruces, 289 F.3d 1170, 1187 (10th Cir. 2002) (alterations in original).

When duplicative lawsuits are pending in separate federal courts, the first-filed suit typically has priority. However, a district court "may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." See Buzas Baseball, Inc. v. Bd. of Regents of Univ. of Ga, No. 98-4049, 1999 WL 682883 at *3 (10th Cir. Sept. 2, 1999). The third factor for determining whether to exercise jurisdiction over a declaratory action—"whether the declaratory remedy is being used for the purpose of procedural fencing or for a race to res judicata"—incorporates this exception to the first-filed rule. See City of Las Cruces, 289 F.3d at 1187; see also Covington Specialty Ins. Co. v. Charles A. Shadid, L.L.C., No. CIV-13-0183, 2013 WL 3923764, at *6 (W.D. Okla. July 29, 2013) (stating that the five-factor test "already takes into account" exceptions to the first-filed rule, like whether the declaratory action was filed in anticipation of another filing). And district courts are "afforded discretion

10

when deciding whether the first-to-file rule or an exception to that rule applies to the case at hand." ICON Health & Fitness, Inc. v. Beachbody, LLC, No. 1:11-CV-00024, 2011 WL 1899390, at *2 (D. Utah May 19, 2011).

Here, the balance of all five factors weighs in favor of dismissing the Declaratory Action in favor of the Adversary Action, and because the Declaratory Action was filed as an anticipatory action for procedural fencing, the first-filed rule does not apply.

## I. The Declaratory Action may not Settle the Controversy.

The first factor the court should consider asks whether the "declaratory action would settle the controversy." See City of Las Cruces, 289 F.3d at 1187. Courts favor dismissal of a declaratory action for another action when the declaratory action "w[ould] not completely settle the controversy between the parties." CW Onset LLC v. Allied Ctr. For Special Surgery, San Antonio, LLC, No. 2:14–CV–34, 2014 WL 2462547, at *3 (D. Utah June 2, 2014).

In Graceland College v. Intellectual Equities, Inc., Intellectual Equities approached Graceland College and alleged that Graceland College was infringing on its registered trademark. See 942 F. Supp. 1404 (D. Kan. 1996). After receiving a "cease and desist letter," Graceland College filed a declaratory action

11

16-01040-ssc Doc 45 Filed 06/27/17 Entered 06/27/17 16:04:10 Exhibit 1 -
June 23 2017 Memorandum Decision and Order    Pg 13 of 19

Case 2:15-cv-05868-TFH Document 59 Filed 06/23/17 Page 12 of 18

in the United States District Court for the District of Kansas, asking the court to declare that it had not infringed on Intellectual Equities' trademark. Id. at 1405. Three days later, Intellectual Equities sued in another district, demanding equitable and monetary relief for Graceland College's infringement. Id. The District of Kansas dismissed the first-filed declaratory action in favor of the second-filed action because the "declaratory action [would not] necessarily settle the controversy." Id. It explained that because the second-filed action sought "equitable and monetary relief," whereas the declaratory action sought only a declaration on whether infringement had occurred, the second-filed action "offer[ed] a better and more effective remedy . . . because that action [could] resolve both liability and damages." Id. at 1405–06.

Here, as in Graceland College, the Declaratory Action might not resolve the entire controversy. Id. In the Adversary Action, LBHI seeks monetary relief for its Indemnification Claim against iFreedom. But in the Declaratory Action iFreedom seeks only a declaration that LBHI's claim is time-barred and meritless. LBHI has not filed its Indemnification Claims as counterclaims. If the court were to disagree with iFreedom, the issue of monetary relief would not be settled. Managing both actions simultaneously in different courts not only wastes

12

16-01002 Doc-45 Filed 06/27/17 Entered 06/27/17 16:04:10 Exhibit 1 -
June 23 2017 Memorandum Decision and Order  Pg 14 of 19
Case 2:15-cv-09561-TE Document 59 Filed 06/23/17 Page 14 of 19

valuable judicial resources but also increases the potential for friction between the courts.  Dismissing the Declaratory Action does not deprive iFreedom its opportunity to assert its rights in court.  In fact, iFreedom has made the exact same arguments in the Adversary Action as it makes here, only in the Adversary Action iFreedom's arguments appear in their more natural form: as defenses.

iFreedom contends that this factor cuts the other way.  It claims that this court should exercise jurisdiction because it has requested a jury trial in the Adversary Action, a request the Bankruptcy Court cannot grant.  But this argument fails for a couple of reasons.  First, it says nothing about whether the Declaratory Action will settle the controversy.  Rather, it focuses only on whether the Adversary Action will settle the controversy.  So although iFreedom's argument theoretically supports its conclusion that the Bankruptcy Court might not be able to settle the entire controversy without a final order from a district court, it says nothing about whether the Declaratory Action could settle the controversy.  Second, iFreedom already made this argument to the United States District Court for the Southern District of New York when it sought to withdraw the Adversary Action from the Bankruptcy Court.  That court rejected iFreedom's argument, stating that "experience strongly suggest[s] that having the benefit of

13

16-01019-scc Doc 45868-1 Filed 06/27/17 Entered 06/27/17 16:04:10 Exhibit 1 - June 23 2017 Memorandum Decision and Order Pg 15 of 19

Case 2:15-cv-00868-TC Document 59 Filed 06/23/17 Page 15 of 19

[a] report and recommendation will save the district court and the parties an immense amount of time." LBHI v. iFreedom, 1:16-cv-00423, Order, ECF No. 29. The court agrees.

## II. The Declaratory Action Might not Clarify the Legal Relations at Issue.

The second factor focuses on whether the action "would serve a useful purpose in clarifying the legal relations at issue." City of Las Cruces, 289 F.3d at 1187.

For the same reason described above, the court finds that this factor weighs in favor of dismissal. If the court were to find in LBHI's favor, LBHI's Indemnification Claims would not be resolved. The court could only declare iFreedom's rights, which are really affirmative defenses refashioned as claims here. It could not grant monetary relief.

## III. The Declaratory Action Was Filed For the Purpose of Providing an Arena for a Race to Res Judicata.

The third factor a court considers is "whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata." Id. When "a declaratory judgment action is triggered by the impending filing of . . . [a] suit" the "action is a race to res judicata" and

14

16-01000-scc Doc 45 Filed 06/27/17 Entered 06/27/17 16:04:15 Exhibit 1 - June 23 2017 Memorandum Decision and Order Pg 16 of 19

Case 2:15-cv-05868-TC Document 59 Filed 06/23/17 Page 16 of 19

the "[second] filed action" must be given priority. Sublimity Ins. Co. v. Hardy, No. 2:13–CV–01022, 2014 WL 5513727, at *3–4 (D. Utah Oct. 31, 2014). The Tenth Circuit has discouraged using declaratory actions "as yet another weapon in a game of procedural warfare." Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1164–65 (10th Cir. 1982).

Here, LBHI and iFreedom entered into pre-litigation mediation under the Bankruptcy Court's order. While the parties mediated, the Bankruptcy Court rejected an argument raised by similarly situated loan sellers that the Indemnification Claims were time-barred. A little while later, the Tenth Circuit held that some of LBHI's breach-of-contract claims against other parties were time-barred. Once the mediation between LBHI and iFreedom failed, iFreedom filed the Declaratory Action. Only a couple of days later, LBHI filed the Adversary Action. In fact, LBHI filed the Adversary Action before it had been served with the Declaratory Action.

Given this history, the court is persuaded that iFreedom filed the Declaratory Action for the purpose of procedural fencing. iFreedom did not "need a weather man to know which way the wind blows." Bob Dylan, Subterranean Homesick Blues, Bringing It All Back Home (Columbia Records

15

1965). It knew litigation was on the horizon: it had failed to resolve the Indemnification Claims with LBHI through pre-litigation mediation. It knew the Bankruptcy Court had rejected the statute-of-limitations argument it intended to make. And it believed, though LBHI disagrees, that the Tenth Circuit had accepted an analogous statute-of-limitations argument. Consequently, it filed the Declaratory Action, at least in part, as an anticipatory suit for procedural fencing.

### IV. The Fourth Factor Does not Apply.

The fourth factor a court should consider is whether "use of declaratory action would increase friction between . . . federal and state courts and improperly encroach upon state jurisdiction." City of Las Cruces, 289 F.3d at 1187.

This case involves no parallel state proceeding, so this factor does not apply.

### V. The Adversary Action Provides a More Effective Remedy

The fifth factor a court should consider is whether "there is an alternative remedy which is better or more effective." Id. When another court can provide "a more comprehensive remedy, th[e] [fifth] factor . . . weighs in favor of declining jurisdiction." Schering Corp. v. Griffo, 872 F. Supp. 2d 1220, 1250 (D. N.M. 2012).

16

16-01019-scc Doc 45 Filed 06/27/17 Entered 06/27/17 16:04:17 Exhibit 1 - June 23  2017 Memorandum Decision and Order    Pg 18 of 19

Case 2:15-cv-00868-TC Document 59 Filed 06/23/17 Page 17 of 19

Here, the Bankruptcy Court has developed a case-management order outlining a detailed plan for resolving the Indemnification Claims.  The Bankruptcy Court has bound iFreedom to its case-management order.  Additionally, the Bankruptcy Court has shown an aptitude for managing such a complex bankruptcy with all its correlative proceedings.  And the Bankruptcy Court is more familiar with the underlying facts and issues than any other court.  For these reasons, the Adversary Action provides a more effective forum for the parties' dispute.

* * *

In sum, the balance of all five factors weighs in favor of dismissing the Declaratory Action.  And because the Declaratory Action was filed for procedural fencing, the first-filed rule does apply.

Decisions from other courts support the court's conclusion.  In those cases, similarly situated loan sellers filed declaratory actions asking for declarations that LBHI's Indemnification Claims are time-barred and meritless.  In each of those cases the court declined to exercise jurisdiction, concluding that the Bankruptcy Court provided a better forum for resolution of these issues.  See <u>Guaranty Bank v. LBHI</u>, 2015-cv-00549, Court Minutes and Order, Dkt. No. 32 (E.D. Wis. May

17

16-01019-cgm Doc 45868-1 Filed 06/27/17 Entered 06/27/17 16:04:10 Exhibit 1 - June 23   2017 Memorandum Decision and Order    Pg 19 of 19

Case 2:15-cv-00568-TC Document 59 Filed 06/23/17 Page 18 of 18

20, 2016); Gateway Mortgage Group, LLC v. LBHI, 2016-cv-02123, Order of Dismissal 1–2, Dkt. No. 32 (S.D. Tex. Sept. 13, 2016); Sec. Nat'l Mortg. Co. v. LBHI, No. N16C-01-221 , 2016 WL 6396343, at *8–11 (Del. Super. Ct. Aug. 24, 2016).  The court sees no reason to depart from these courts' analysis.

## CONCLUSION

For "considerations of practicality and wise judicial administration" the court GRANTS LBHI's motion to dismiss (ECF No. 47) and DISMISSES the action without prejudice.  Wilton, 515 U.S. at 286.

DATED this 23rd day of June, 2017.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge

18