**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No.<br>08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>        Plaintiff,<br><br>- against -<br><br>1ST ADVANTAGE MORTGAGE, L.L.C. *et al.*,<br><br>        Defendants. | Adversary Proceeding<br>No. 16-01019 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>        Plaintiff,<br><br>- against -<br><br>UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC,<br><br>        Defendant. | Adversary Proceeding<br>No. 16-01297 (SCC) |

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., <br><br> Plaintiff, <br><br> - against - <br><br> EAGLE MORTGAGE HOLDINGS, LLC, as successor by merger to EAGLE HOME MORTGAGE, INC.; and UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC, <br><br> Defendants. | Adversary Proceeding <br> No. 16-01383 (SCC) |

**LEHMAN BROTHERS HOLDINGS INC.'S
MEMORANDUM OF LAW IN OPPOSITION
TO UNIVERSAL AMERICAN MORTGAGE
COMPANY'S AND EAGLE MORTGAGE HOLDINGS, LLC'S
<u>JOINT SUPPLEMENTAL MOTION TO DISMISS ON UNIQUE ISSUES</u>**

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

– and –

ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Parkway
Greenwood Village, CO 80111
(303) 945-7415

*Counsel for Plaintiff
Lehman Brothers Holdings Inc.*

August 29, 2017

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS ...................................................2

ARGUMENT.................................................................................................................................2

I.     LBHI'S CLAIMS ARE NOT BARRED BY COLLATERAL ESTOPPEL .......................2

        A.     This Court Has Already Ruled that the *Universal American* Decision Is Factually Distinguishable ......................................................................................2

        B.     The Doctrine of Collateral Estoppel Is Inapplicable..............................................4

        C.     Applying Collateral Estoppel Would Be Fundamentally Unfair............................6

II.    LBHI'S CLAIMS ARE NOT BARRED BY *RES JUDICATA* ........................................7

        A.     Applicable Legal Standard ......................................................................................7

        B.     LBHI's Claims Are Based on Different Operative Facts........................................8

        C.     *Res Judicata* Cannot Apply Because LBHI's Claims Accrued After the Prior Actions Were Commenced ..................................................................................10

CONCLUSION............................................................................................................................10

# TABLE OF AUTHORITIES

**Case** **Page(s)**

*Amguard Ins. Co. v. Getty Realty Corp.*,
    147 F. Supp. 3d 212 (S.D.N.Y. 2015) ...................................................................................3

*CitiMortgage, Inc. v. Chicago Bancorp. Inc.*,
    2015 WL 631365 (E.D. Mo. 2015) .......................................................................................8

*Foster v. Plock*,
    2016 WL 098278 (Colo. App. Mar. 10, 2016)...................................................................8, 9

*Grynberg v. Ark. Okla. Gas Corp.*,
    116 P.3d 1260 (Colo. App. 2005) .........................................................................................7

*Harper v. City of Cortez*,
    2015 WL 4720311 (D. Colo. Aug. 10, 2015) .......................................................................2

*Hometrust Mortg. Co. v. Lehman Bros. Holdings Inc.*,
    2015 WL 5674899 (S.D.N.Y. Sept. 25, 2015)...................................................................1, 6

*iFreedom Direct Corp. v. Lehman Bros. Holdings Inc.*,
    2017 WL 2729079 (D. Utah June 23, 2017).........................................................................6

*Lehman Bros. Holdings Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*,
    942 F. Supp. 2d 516 (E.D. Pa. 2013)..................................................................................8, 9

*Lehman Bros Holdings Inc. v. Universal Am. Mortg. Co.*,
    660 F. App'x 554 (10th Cir. 2016)............................................................... 1, 2, 3, 5, 6, 7

*Loveland Essential Grp., LLC v. Grommon Farms, Inc.*,
    318 P.3d 6 (Colo. 2012)................................................................................................ 7, 8, 9

*Meeper, LLC v. Powers*,
    2016 WL 369558 (D. Colo. Feb. 1, 2016) ...........................................................................9

*Mitchell v. City of Moore, Okla.*,
    218 F.3d 1190 (10th Cir. 2000).............................................................................................9

*Petromanagement Corp. v. Acme-Thomas Joint Venture*,
    835 F.2d 1329 (10th Cir. 1988).............................................................................................9

*Pike v. Freeman*,
    266 F.3d 78 (2d Cir. 2001)....................................................................................................5

*Rantz v. Kaufman*,
    109 P.3d 132 139 (Colo. 2005) (en banc)............................................................................5

*ResCap Liquidating Trust v. U.S. Bank, N.A.*,
    2017 WL 2437242 (D. Minn. June 5, 2017) ................................................................. 8, 9

*ResCap Liquidating Trust v. PNC Bank, N.A.*,
    2017 WL 3129748 (D. Minn. July 21, 2017) ................................................................. 8, 9

*S.E.C. v. First Jersey Sec., Inc.*,
    101 F.3d 1450 (2d Cir. 1996) ............................................................................................ 8

*Schultz v. Boston Stanton*,
    198 P.3d 1253 (Colo. App. 2008) ..................................................................................... 5

*W. Grp. Nurseries, Inc. v. Pomeranz*,
    867 P.2d 12 (Colo. App. 1993) ..................................................................................... 6, 7

*White v. Frize*,
    35 A.D.3d 983 (3d Dep't 2006) ........................................................................................ 6

*Yapp v. Excel Corp.*,
    186 F.3d 1222 (10th Cir. 1999) ........................................................................................ 7

**Other Authorities**

18A Wright, Miller & Cooper, *Fed. Practice & Proc.* § 4465.2 (2d ed. 2002) .............................. 7

Plaintiff Lehman Brothers Holdings Inc. ("LBHI") respectfully submits this memorandum of law, together with the declaration of Adam M. Bialek, dated August 29, 2017 (the "Bialek Decl.") and the exhibits annexed thereto, in opposition to Defendants Universal American Mortgage Company, LLC ("UAMC") and Eagle Mortgage Holdings, LLC's ("Eagle," and with UAMC, the "Defendants") Motion to Dismiss (the "Motion" or "Mot.") LBHI's Second Amended Adversary Complaints.

## PRELIMINARY STATEMENT

Defendants' attempt to evade liability for the defective loans they sold to LBHI's assignor, Lehman Brothers Bank, FSB ("LBB"), should be rejected.

*First*, the Court has already ruled the Tenth Circuit's unpublished decision in *Lehman Brother Holdings Inc. v. Universal American Mortgage Co.*, 660 F. App'x 554 (10th Cir. 2016), has no preclusive effect on LBHI's contractual indemnification claims, and that these claims against loan sellers like Defendants are timely under New York law. The District Court confirmed "[t]here can be no 'substantial doubt' that [this Court's statute of limitations] decisions were correct." *Hometrust Mortg. Co. v. Lehman Bros. Holdings Inc.*, 2015 WL 5674899, at * 3 (S.D.N.Y. Sept. 25, 2015) (citation omitted).

*Second*, Defendants' argument that these actions are barred by *res judicata* must fail. Defendants contend that LBHI's claims for contractual indemnification are barred because LBHI brought, or could have brought, identical claims in the prior breach of contract cases originally filed by LBHI against UAMC in 2011 and re-filed in 2013. This argument turns on an incorrect assumption that these claims are identical. In fact, the cases against UAMC are based on entirely different mortgage loans, and the case against Eagle is based on entirely different mortgage loans, different contracts, and a different loan originator. Each loan at issue in all the cases has

its own unique combination of alleged defects arising from the particular facts and circumstances of the loans, the borrowers, the relevant contract language, and the resulting damages.

*Finally*, Defendants ignore black letter law that claim preclusion does not bar a later action which arose *after* the original action was filed. Here, LBHI's contractual indemnification claims in the UAMC and Eagle actions did not accrue until LBHI's claims were triggered by the Fannie and Freddie Settlements, which did not occur until one year after the 2013 UAMC actions were filed. Accordingly, LBHI could not have brought contractual indemnification claims with respect to the Fannie and Freddie Settlements in the Prior Actions.[1]

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

LBHI incorporates by reference the Bialek Declaration filed herewith, which sets for the necessary underlying facts and procedural history in opposition to Defendants' Motion.

## ARGUMENT[2]

### I. LBHI'S CLAIMS ARE NOT BARRED BY COLLATERAL ESTOPPEL

#### A. This Court Has Already Ruled that the *Universal American* Decision Is Factually Distinguishable

Defendants argue that the Tenth Circuit's unpublished decision in *Lehman Bros. Holdings Inc. v. Universal American* has preclusive effect. *See* Mot. at 5-10. This Court has already rejected this argument (made by the same counsel but for a different defendant). Should the Court further indulge the argument, the outcome should be the same.

In *Universal American*, the Tenth Circuit held that LBHI's claims against UAMC for breach of § 710 of the Sellers' Guide were time barred. 660 F. App'x at 564-65. Section 710 provided LBHI the right to require sellers, like Defendants, to repurchase defective mortgage

---

[1] Terms not defined herein are defined in the Bialek Declaration.
[2] Defendants have the burden of establishing *res judicata* or collateral estoppel. *See Harper v. City of Cortez*, 2015 WL 4720311, at *6 (D. Colo. Aug. 10, 2015).

2

loans sold directly to LBHI's assignor, LBB. *See* Bialek Decl., Ex. L, § 710. This right accrued upon the breach of a representation or warranty that materially and adversely affected the value of the mortgage loan, and the remedy is the contractually defined "Repurchase Price." *Id*. Section 711, in contrast, gave LBHI an indemnification right triggered by "claims, losses, damages, . . . judgments and any other costs, fees and expenses . . . [that are] in any way related to or resulting from any act or failure to act or any breach of any warranty, obligation, representation or covenant contained in or made pursuant to this Seller's Guide or the Loan Purchase Agreement." *Id*. § 711.

The Tenth Circuit stated that LBHI had not asserted in the Prior Actions claims for express contractual indemnification under § 711, and had "never asserted indemnification as a cause of action distinct from the cause of action for breach of contract. For example, in none of the five amended complaints is there any mention of Freddie Mac, Fannie Mae, or any payment by Lehman Holdings to a third party." *Universal Am.,* 660 F. App'x at 567. The court thus ruled that the claims accrued when LBB first purchased the loan. *Id.* at 566 ("Lehman Holdings pleaded breach of contract, rather than indemnity; thus, Lehman Holdings' claims accrued at the closing of the sales").

As there was no cause of action for *express contractual* indemnification, the Tenth Circuit referred to *implied* indemnification principles in stating in *dicta* that such implied indemnification requires that the indemnitor owe a duty to a third-party. *See id.* at 567-68; *see generally*, *Amguard Ins. Co. v. Getty Realty Corp.*, 147 F. Supp. 3d 212, 220 (S.D.N.Y. 2015) (common-law implied indemnification claim requires that "(1) the party seeking indemnity and the party from whom indemnity is sought have breached a duty to a third person, and (2) some duty to indemnify exists between them" (citations omitted)). Because the Tenth Circuit did not

3

analyze, in *dicta* or otherwise, express indemnification for third party-claims, *Universal American* does not control, or even relate to, the express contractual indemnification claims at issue here. *See* 660 F. App'x at 568-69.

In a related case, another loan seller (also represented by Defendants' counsel), argued that *Universal American* precluded an LBHI indemnification claim. This Court rejected this argument as based on a misreading of the Sellers' Guide that treated LBHI's § 711 indemnity claims as a remedy only, and therefore similar to the § 710 claims barred in *Universal American*. *See* Bialek Decl., Ex. N, at 32:5-18; 37:21-25.

After the seller in that case conceded that § 711 of the Seller's Guide was not at issue in *Universal American*, this Court pointedly asked why the seller was raising the issue if the issue before this Court differed from the one decided in *Universal American*: "So this is purely telling me to reverse my other opinion. I just want to understand what you're saying." *Id*. at 36:1-22. Applying the Seller's Guide and New York law, this Court rejected defendant's collateral estoppel argument as "not persuasive" (*id*. at 46:17):

> [I]n [defendant]'s view . . . [t]here's a moment of breach and that everything starts to run from that moment of breach no matter what you call it . . . And that third party indemnification rights . . . flow from that moment. . . . [T]hat's not the way I read 710 and 711 to work. It's not the way basic New York law works with respect to the accrual of a cause of action for third party indemnification . . . .
>
> And I did approach this with an open mind to see if I could persuade myself that based on what was said in the Tenth Circuit's opinion or in your papers, you know, I would take a different path. I just couldn't get there.

*Id*. at 44:4-14, 48:1-7.

4

### B.  The Doctrine of Collateral Estoppel Is Inapplicable

This Court should reject Defendants' collateral estoppel argument as they have not satisfied their burden of demonstrating that *Universal American* should be given preclusive effect.

To determine whether collateral estoppel bars the instant claims, the Court must analyze whether (1) the issue is identical to an issue actually litigated and necessarily adjudicated in a prior proceeding, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.  *See Rantz v. Kaufman*, 109 P.3d 132, 139 (Colo. 2005) (en banc).

Here, Defendants fail to meet the first prong of the requirement of collateral estoppel. Defendants have not demonstrated there was an issue *identical* to an issue actually litigated and *necessarily* adjudicated in the Prior Actions.  As stated above, this Court held that *Universal American* has no "collateral estoppel effect" because the Prior Actions only addressed § 710 breach of contract claims, not § 711 indemnification claims.  *See* Bialek Decl., Ex. N, at 46:25-47:1; *Universal Am.*, 660 F. App'x at 567-68.  These claims are not identical as they involve different provisions of the same Seller's Guide.  *See Pike v. Freeman*, 266 F.3d 78, 92 (2d Cir. 2001) (indemnification claim and breach of contract claims not related and therefore indemnification claim not barred by *res judicata* or collateral estoppel).  Moreover, the Tenth Circuit held in *Universal American* that LBHI's complaints had not pleaded express contractual indemnification and thus any reference to express contractual indemnification was *dicta* lacking preclusive effect.  *See Schultz v. Boston Stanton*, 198 P.3d 1253, 1257 (Colo. App. 2008)

5

(collateral estoppel does not apply to "[i]ssues that were actually litigated and decided, but were not necessary to the final outcome of the case" (internal quotations and citations omitted)).

In June 2017, a district court in the Tenth Circuit similarly interpreted the *Universal American* holding and rejected the argument that the Tenth Circuit decision had preclusive effect stating "LBHI did not assert 'indemnification as a cause of action distinct from the cause of action for breach of contract,' unlike its Indemnification Claims asserted in the Bankruptcy Court," and thus "because LBHI had not asserted a cause of action for express contractual indemnification, the Tenth Circuit relied on implied-contractual-indemnification principles." *iFreedom Direct Corp. v. Lehman Bros. Holdings Inc.*, 2017 WL 2729079, at * 2 (D. Utah June 23, 2017) (citation omitted). Accordingly, *Universal American* does not control, or even relate to, the express contractual indemnification claims at issue here. *See* 660 F. App'x at 567-68.

### C. Applying Collateral Estoppel Would Be Fundamentally Unfair

Precluding LBHI's claim against Defendants would violate public policy and result in manifest injustice. *See W. Grp. Nurseries, Inc. v. Pomeranz*, 867 P.2d 12, 15 (Colo. App. 1993) ("[C]ollateral estoppel is an equitable doctrine and need not be applied in every case"); *White v. Frize*, 35 A.D.3d 983, 984 (3d Dep't 2006) ("[C]ollateral estoppel is a flexible, equitable doctrine that requires a case-by-case analysis of the facts and realities of a particular litigation, and should not be rigidly or mechanically applied").

*First*, the Tenth Circuit *dicta* conflicts with this Court and the District Court's rulings. As Judge Pauley emphasized in *Hometrust*, "[i]t is black letter law in New York that indemnification claims do not accrue until the liability to a third-party is fixed, or payment is made—in this case when LBHI settled with Fannie Mae and Freddie Mac in 2014." *See*

6

*Hometrust*, 2015 WL 5674899, at *2 (denying motion to appeal). In *Hometrust*, *LHM*[3] and *Standard Pacific*, this Court has already ruled that these contractual indemnification claims are timely. Thus, Defendants' demand that *Universal American* be given preclusive effect would require this Court to disregard its own and Judge Pauley's decisions.

*Second*, "[t]he existence of inconsistent prior judgments is perhaps the single most easily identified factor that suggests strongly that neither should be given preclusive effect." 18A Wright, Miller & Cooper, *Fed. Practice & Proc.* § 4465.2 at 764-65 (2d ed. 2002). Rather than applying preclusion on the basis of a choice between inconsistent determinations, courts generally do not give preclusive effect to either one. *See W. Grp. Nurseries, Inc.*, 867 P.2d at 15 (collateral estoppel need not apply "when a judgment is inconsistent with another judgment").[4]

## II.     LBHI'S CLAIMS ARE NOT BARRED BY *RES JUDICATA*

### A.    Applicable Legal Standard

Defendants cannot establish *res judicata* unless they can prove there is (i) a prior final judgment, (ii) identical subject matter, (iii) identical claims, and (iv) identical parties or privity between the parties to the two actions. *Loveland Essential Grp., LLC v. Grommon Farms, Inc.*, 318 P.3d 6, 10 (Colo. 2012).

In determining whether claims are "identical," Colorado applies a transactional approach in which "a claim arising out of the same 'transaction, or series of connected transactions' as a previous suit . . . [is] precluded." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999) (citation omitted). What constitutes the same transaction or series of transactions is "to be

---

[3] *Lehman Bros. Holdings Inc. v. LHM Financial Corp.*, Adv. Proc. No. 14-01293 (Bankr. S.D.N.Y. Oct. 31, 2014).
[4] Defendants mistakenly rely on *Grynberg v. Ark. Okla. Gas Corp.*, 116 P.3d 1260, 1264 (Colo. App. 2005) (incorrectly cited in Mot. at 9 n.32) to support its collateral estoppel argument. *Grynberg* applied collateral estoppel to an action that involved the same underlying factual issue as a prior action and did so even though the legal theories differed between the two actions. Here, *Universal American* determined that a breach of contract under § 710 was time barred but did not address the timeliness of a contractual indemnification claim under § 711.

7

determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit." *Id.* "[C]laims would form a convenient trial unit when they would involve much the same evidence and therefore it would have been convenient and efficient for the jury to hear the claims in the same action." *Foster v. Plock*, 2016 WL 098278, at *6 (Colo. App. Mar. 10, 2016).[5]  Finally, "[*res judicata*] does not bar a later action on claims which *arise after the original action is filed*, but before judgment in the original action." *Loveland*, 318 P.3d at 14 (emphasis added).

### B.    LBHI's Claims Are Based on Different Operative Facts

*Res judicata* plainly does not apply because the claims here are not "identical" to the claims in the Prior Actions. *Loveland*, 318 P.3d at 10.  Where, as here, claims arise from the sale of different loans (and in Eagle's case, under a different contract with a different originator), the claims need not be brought in the same suit.  *See e.g.*, *CitiMortgage, Inc. v. Chicago Bancorp. Inc.*, 2015 WL 631365, at *5 (E.D. Mo. 2015) (rejecting claim splitting defense as to claims regarding mortgage loans sold under same contract as loans in the prior action);[6] *ResCap Liquidating Trust v. U.S. Bank, N.A.*, 2017 WL 2437242, at *5 (D. Minn. June 5, 2017) (*res judicata* inapplicable where "the two suits involve[d] different sets of loans and thus different operative facts"); *ResCap Liquidating Trust v. PNC Bank, N.A.*, 2017 WL 3129748, at *7 (D. Minn. July 21, 2017) (same); *Lehman Bros. Holdings Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 942 F. Supp. 2d 516, 532 (E.D. Pa. 2013) (*res judicata* inapplicable because

---

[5] *See S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1463-64 (2d Cir. 1996) (declining to apply *res judicata* even though both suits involved "essentially the same course of wrongful conduct" and "the same parties, similar or overlapping facts, and similar legal issues" because *res judicata* generally applies "only where . . . the same evidence is needed to support both claims, and whe[re] the facts essential to the second were present in the first." (citation omitted) (alteration in original)).

[6] The analysis for claim splitting and *res judicata* is identical, except that *res judicata* requires a final judgment.  *See Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d 1194, 1200-01 (D. Colo. 2013).

8

prior lawsuit involved different loans and a different legal theory and thus "the documents necessary at trial" and "material facts" were different).

Defendants nonetheless argue *res judicata* applies because LBHI's indemnification claims arise out of the same "transaction" or "series of connected transaction" as in the Prior Actions because the claims relate to "UAMC's performance under the 2005 Agreement." *See* Mot. at 7. The courts in *CitiMortgage*, *ResCap* (twice), and for LBHI in *Gateway* all rejected this same argument that all loans sold under an agreement must have been pursued in one action. The result is no different here. LBHI's claims do not arise out of the same "transaction" as the Prior Actions because "the facts are [not] related in time, space, origin, or motivation" nor do they form a convenient "trial unit." *See Foster*, 2016 WL 908728, at *6. The contractual indemnification claims here and the breach of contract claims in the Prior Actions are based on different mortgage loans, each with unique facts and circumstances.[7] The particular combination of multiple defects alleged for each loan varies from loan to loan even in the same case. *See e.g.*, Bialek Decl., Exs. J, at Ex. B; K, at Ex. B. In addition, damages depend on factors such as the loan amount, the amount paid on the loan before default, any credit due to Defendants for proceeds from sales of foreclosed property, interest, and expenses of default and foreclosure. The possible combinations of these and other factors make the claim for each loan entirely unique.[8]

---

[7] Tellingly, in the Florida Action, contrary to its position here, UAMC admitted that the claims were a "case by case, loan by loan scenario. . . . each loan . . . [was] made by different people, two different borrowers in different states with different damages." Bialek Decl., Ex. B at 24:17-21; *see id.* at Ex. A.

[8] The Defendants' cases fail to support dismissal because all involved actions arising from the same operative facts. *See, e.g.*, *Meeper, LLC v. Powers*, 2016 WL 369558, at *4 (D. Colo. Feb. 1, 2016) (*res judicata* barred second action over water rights with a property sale where the parties had previously settled and released defendant from all claims) (cited at 7 n.21); *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1336 (10th Cir. 1988) (finding that two actions were part of the same transaction because "[i]n neither complaint does [plaintiff] raise issues . . . that might be peculiar to the individual contract on a specific well") (cited at 7 n.22).

9

Moreover, Defendants have not explained how Eagle was in privity with UAMC when the Prior Actions were commenced. For this reason alone, Defendants have failed to show that *res judicata* bars LBHI's claims against Eagle, which was not a party to the Prior Actions or the 2005 UAMC LPA.

### C. *Res Judicata* Cannot Apply Because LBHI's Claims Accrued After the Prior Actions Were Commenced

As set forth above, the issue of contractual indemnification (§ 711 of the Sellers' Guide) was not litigated and decided in the Prior Actions. Thus, Defendants must show that LBHI's contractual indemnification claim for the new loans "could have been raised" in the Prior Actions. *See* Mot. at 7-8. Defendants have failed to show (or even articulate) how LBHI could commence contractual indemnification claims regarding the new loans before such claims accrued.

Here, LBHI's contractual indemnification claims in the UAMC and Eagle Actions did not accrue until after LBHI's March 2011 filing (and January 2013 re-filing) of the Prior Actions because LBHI did not enter into the Fannie and Freddie Settlements until 2014. Their claims are therefore not barred because they did not arise in time for LBHI to plead them in the Prior Actions. *See Loveland*, 318 P.3d at 14 ("claim preclusion does not bar a later action on claims which arise after the original action is filed, but before judgment in the original action"); *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1202 (10th Cir. 2000) ("claim preclusion does not necessarily bar plaintiffs from litigating claims based on conduct that occurred after the initial complaint was filed").

### CONCLUSION

LBHI respectfully requests that the Court deny the Motion in all respects.

10

Dated: New York, New York
August 29, 2017

By: s/ William A. Maher
William A. Maher
James N. Lawlor
Adam M. Bialek
Mara R. Lieber

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:   (212) 382-3300
Facsimile:   (212) 382-0050

- and -

Michael A. Rollin
Maritza Dominguez Braswell (pro hac vice)
Caleb Durling
Corey J. Longhurst (pro hac vice)

ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Pkwy., Suite 100
Greenwood Village, Colorado 80111
Telephone:   (303) 945-7415
Facsimile:   (303) 974-7468

*Counsel for Plaintiff Lehman Brothers Holdings Inc.*