**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No.<br>08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>        Plaintiff,<br><br>  - against -<br><br>1ST ADVANTAGE MORTGAGE, L.L.C. *et al.*,<br><br>        Defendants. | Adversary Proceeding<br>No. 16-01019 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>        Plaintiff,<br><br>  - against -<br><br>UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC,<br><br>        Defendant. | Adversary Proceeding<br>No. 16-01297 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>        Plaintiff,<br><br>  - against -<br><br>EAGLE MORTGAGE HOLDINGS, LLC, as successor by merger to EAGLE HOME MORTGAGE, INC.; and | Adversary Proceeding<br>No. 16-01383 (SCC) |

UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC,

Defendants.

## DECLARATION OF ADAM M. BIALEK IN OPPOSITION TO UNIVERSAL AMERICAN MORTGAGE COMPANY'S AND EAGLE MORTGAGE HOLDINGS, LLC'S JOINT SUPPLEMENTAL MOTION TO DISMISS ON UNIQUE ISSUES

I, ADAM M. BIALEK, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that:

1.    I am an attorney admitted to practice before this Court and a partner at Wollmuth Maher & Deutsch LLP, attorneys for Plaintiff Lehman Brothers Holdings Inc. ("LBHI"). I am familiar with the facts set forth on the basis of my personal knowledge and review of documents in the possession of my firm.  I submit this declaration in opposition to the Universal American Mortgage Company's ("UAMC") and Eagle Holdings, LLC's ("Eagle" and with UAMC, "Defendants") Joint Supplemental Motion to Dismiss on Unique Issues (the "Motion").

2.    In March 2011, LBHI sued UAMC in the Southern District of Florida (the "Florida Action") alleging breaches of representations and warranties regarding eight mortgage loans that UAMC has sold to LBB under a loan purchase agreement, dated September 20, 2005 (the "2005 UAMC LPA").

2

3.       In January 2013, the Florida court dismissed the Florida Action without prejudice

and specifically permitted LBHI to file new complaints on a loan-by-loan basis.  A copy of the

Florida court's order dismissing the Florida Action is attached as Exhibit A.

4.       During that pre-trial conference, contrary to Defendants' position in its Motion,

UAMC admitted that the claims were a "case by case, loan by loan scenario. . . . each loan . . .

[was] made by different people, two different borrowers in different states with different

damages." Ex. B[1], at 24:16-21.

5.       Following the dismissal of the Florida Action, in that same month, LBHI filed

seven single-loan actions in the District of Colorado, pleading only breach of contract claims (the

"Prior Actions").  A copy of the Amended Complaints filed in the Prior Actions are attached as

Exhibits C-I.

6.       The complaints in the Prior Actions did not mention Fannie Mae or Freddie Mac,

or any payment judgment or liability regarding Fannie Mae's or Freddie Mac's proof of claim in

the Bankruptcy Court.  See id.

7.       The Colorado District Court granted UAMC summary judgment on five of the

seven loans, holding that LBHI's breach of contract claims were untimely.  The Tenth Circuit

affirmed.  Rejecting LBHI's reliance on contractual indemnification case law, the Tenth Circuit

did not address the indemnification provision of the 2005 UAMC Agreement, § 711, but held

instead that LBHI "pleaded breach of contract, rather than indemnity" and thus LBHI's "claims

accrued at the closing of the sales." *Lehman Bros. Holdings, Inc. v. Universal Am. Mortg. Co.*,

660 F. App'x 554, 566 (10th Cir. 2016).  Because LBHI had pleaded no cause of action for

*express contractual* indemnification, the Tenth Circuit cited *implied* indemnification cases in

---

[1] A copy of the Florida pre-trial conference transcript, dated January 4, 2013, is attached as Exhibit B.

stating in *dicta* that, even had indemnity claims been pleaded, the Court would have treated them as breach of contract claims. The Tenth Circuit did not decide whether a contractual indemnification claim would have been time barred. *Id.* at 567-68.

8.      On December 22, 2016, LBHI filed in this Court a new and unrelated action against UAMC asserting claims for contractual indemnification under § 711 as to 75 defective loans sold by UAMC to LBB under the 2005 UAMC Agreement (the "2016 UAMC Action"). These claims had not accrued until LBHI's settlements with Fannie Mae and Freddie Mac in January and February 2014, respectively. A copy of the Second Amended Complaint filed in the 2016 UAMC Action is attached as Exhibit J.

9.      On December 30, 2016, LBHI filed in this Court a new and unrelated action against Eagle and UAMC asserting claims for contractual indemnification for seven defective loans (the "Eagle Action") that Eagle sold to LBB under a loan purchase agreement, dated October 21, 2004 (the "2004 Eagle LPA"). A copy of the Second Amended Complaint filed in the Eagle Action is attached as Exhibit K.[2]

10.     A representative copy of section 7 of the Seller's Guide is attached as Exhibit L.[3]

11.     Like the claim in the 2016 UAMC Action, LBHI's claims in the Eagle Action did not accrue until the Fannie and Freddie Settlements.

12.     The loans in the 2016 UAMC Action and Eagle Action are not the same loans at issue in the Prior Actions. A copy of a chart comparing the loan numbers in the Prior Actions, 2016 UAMC Action and 2016 Eagle Action is attached as Exhibit M. The loans at issue in the

---

[2] The 2004 Eagle LPA incorporated the terms of the Seller's Guide.
[3] Although the language of Section 7 of the Seller's Guide may vary slightly between counterparties, it is generally consistent in all material respects.

Prior Actions did not arise out of proofs of claim filed in the Bankruptcy Court of the Fannie and

Freddie Settlements.

13.     A copy of the March 29, 2016 hearing transcript in *Lehman Brothers Holdings*

*Inc. v. Standard Pacific Mortgage, Inc.*, Adv. Proc. No. 16-01002 (Bankr. S.D.N.Y. 2016) is

attached as Exhibit N.

14.     I declare that under penalty of perjury that to the best of knowledge, information

and belief, the foregoing is true and correct.

Dated: New York, New York
           August 29, 2017

Adam M. Bialek