**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                                    :
In re:                                                                          :            Chapter 11
                                                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :      Case No. 08-13555 (SCC)
                                                                                    :
            Debtors.                                                       :
                                                                                    :
-----------------------------------------------------------------x
LEHMAN BROTHERS HOLDINGS INC.,              Adversary Proceeding

            Plaintiff,                                                  No.  16-01297 (SCC)

v.

UNIVERSAL AMERICAN MORTGAGE
COMPANY, LLC

            Defendant.
-----------------------------------------------------------------x
LEHMAN BROTHERS HOLDINGS INC.,              Adversary Proceeding

            Plaintiff,                                                  No.  16-01383 (SCC)

v.

EAGLE MORTGAGE HOLDINGS, LLC, as
successor by merger to EAGLE HOME
MORTGAGE, INC.; and UNIVERSAL
AMERICAN MORTGAGE COMPANY, LLC

            Defendants.
_____/

**UNIVERSAL AMERICAN MORTGAGE COMPANY AND EAGLE MORTGAGE HOLDINGS' JOINT REPLY SUPPORTING THEIR MOTION TO DISMISS**

Five times, UAMC (which purchased the assets of Eagle Mortgage, and is now known as Eagle Home Mortgage) defeated LBHI via summary judgment in federal court. After reading and hearing the same arguments now made by LBHI to this Court, the Tenth Circuit finally and conclusively ruled that, as between UAMC and LBHI, any claims seeking indemnification relief (no matter how denominated in a pleading) arising out of the parties' 2005 Agreement are barred by the statute of limitations.[1] LBHI demands that this Court refuse to apply principles of res judicata and collateral estoppel, but its arguments demonstrate that their application is required.

Conceding each of the other elements of res judicata and collateral estoppel, LBHI challenges only whether there is an "identicality" of claims between this case and the Prior Cases. That challenge is unavailing. Here, LBHI requests indemnity for alleged contractual losses under the 2005 Agreement, just as it did in the Prior Cases. These same parties fully, fairly, and finally litigated this same question of timeliness five times in District Court and once in the Court of Appeals. If preclusion applies to any case, it is this one. The Court should reject LBHI's repeatedly unsuccessful arguments, and grant the Motion.

## I.    RES JUDICATA IS APPROPRIATE

LBHI has conceded, by failing to contest, the application of all of the elements of res judicata other than the third, that the claims in the previous matter be identical to the claims in the present case. Colorado's transactional approach applies, and resolves that question squarely in UAMC's favor. Under that analysis, "claims are tied by the same injury 'where they concern all or **any part of the transaction, or series of connected transactions**, out of which the

---

[1] *Lehman Bros, Holdings, Inc. v. Universal American Mortg. Co., LLC*, 660 F. App'x 554 (10th Cir. 2016). All capitalized terms herein have the same meaning as in the Motion.

[original] action arose.'"[2] LBHI argues that because its "claims arise from the sale of different loans (and in Eagle's case, under a different contract with a different originator)," the claims need not have been brought in the Prior Cases. (Opp. at 8.) But there are two insurmountable problems with that argument. First, it ignores the essence of the Tenth Circuit's holding against LBHI, which was that LBHI asserted claims for breach of contract (no matter how denominated), and that, under the applicable Aurora Seller's Guide, the date on which an at-issue loan was sold is the pertinent accrual date for timeliness purposes. LBHI does not, and cannot, contend that the Eagle sale dates were recent enough to give rise to a claim within the limitations period under that analysis. Thus, there is no relevant distinction between "Eagle" loans and "UAMC" loans.

Second, LBHI's argument of a "different contract" is one the Tenth Circuit considered, and rejected, in *Petromanagement Corp.*[3] There, the primary contract was an agreement to drill for oil, with a series of satellite agreements about each well. When the defendant asserted preclusion, the plaintiff argued, just like LBHI here, that each well unit formed its own agreement, and so a dismissal of a suit about the general contract could not be preclusive as to the wells specifically. The Tenth Circuit disagreed. "Even if separate contracts governed the drilling and operation of the wells, the transactions challenged in the complaints in *Petro I* and *Petro II* are a sufficiently related 'series of connected transactions' to prohibit piecemeal litigation. In neither complaint does Petromanagement raise issues, such as failure to drill to a particular depth, that might be peculiar to the individual contract on a specific well."[4]

That reasoning applies with equal force here, where the Complaints in the Prior Cases did not involve unique contracts, or even unique legal theories. Instead, as is made clear in the

---

[2] *Meeper, LLC v. Powers*, No. 12-CV-01732-WYD, 2016 WL 369558, at *4 (D. Colo. Feb. 1, 2016) (emphasis added) (citing *Loveland Essential Group, LLC v. Grommon Farms, Inc.*, 318 P.3d 6, 10 (Colo. App. 2012)).
[3] *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F. 2d 1329 (10th Cir. 1988) (citations omitted).
[4] *Id.* at 1336.

exhibits attached to LBHI's Opposition, there was one theory: UAMC allegedly breached the 2005 Agreement and the Seller's Guide, and so LBHI was entitled to indemnity by contract.[5] That is the theory advanced, again, in this case.

Moreover, even if LBHI had not repeatedly argued in the Prior Cases that it was asserting contractual indemnity claims (which it did),[6] certainly nothing precluded LBHI from bringing a claim for contractual indemnity expressly premised on Section 711 of the Seller's Guide. Indeed, the complaints in the Prior Cases state that UAMC had breached a variety of Guide sections "including **but not limited to**" section 703.[7] The idea that LBHI was suing UAMC for breaches of the Guide *except for* Section 711 is absurd. And asserting a claim that could, and should, have been brought in a prior action (but here, allegedly, was not) is "claim splitting," which is barred under clear Colorado law.[8] Thus, even if LBHI were asserting new and different claims here, those claims would nevertheless be precluded by res judicata, as in *Petromanagement*, so long as those claims *could* have been brought in the Prior Cases. Having heatedly argued in the Tenth Circuit that it *did* assert such claims,[9] LBHI is barred from now arguing that it would have been impossible to assert those claims in the Prior Cases.

## II. COLLATERAL ESTOPPEL APPLIES AS WELL

There is no dispute between the parties as to the prerequisites to the application of collateral estoppel other than, again, whether the claims are identical. As explained above and in the initial memorandum supporting this Motion, the claims are identical in every way, to the

---

[5] Bialek Decl. Ex. C (Complaint), at ¶ 15.
[6] *See* Mot. at 4 (citing LBHI's repeated assertions that it sought contractual indemnity).
[7] Amended Complaint at 5–9, No. 1:13-cv-00091, ECF No. 6 ("With respect to each of the loans sold to Lehman under the Agreement and Seller's Guide, Universal made a number of representations, warranties and covenants concerning the mortgage loans including, but not limited to the following: . . . Section[s] 703(1) . . . [and] 701.")
[8] *See Petromanagement Corp.* at 1335-36.
[9] *Universal American,* Nos. 14-1180, -1181, -1182, -1212, -1356, LBHI Reply Br. at 12 (arguing that LBHI's claims were contractual, not implied, indemnity).

point that the Complaints use identical language. LBHI next posits that collateral estoppel cannot apply because this Court has already distinguished *Universal American*. LBHI is incorrect.

First, LBHI cites *Hometrust*,[10] arguing that Defendants' demand that *Universal American* be given preclusive effect would "require this Court to disregard its own and Judge Pauley's decisions." Opp. at 6.  Devoid of context, that argument may sound persuasive, but the necessary context illuminates its flaws.[11] LBHI's reliance on *Hometrust* is misplaced. The *Hometrust* court declined to follow the Tenth Circuit, a disagreement that was the product of the Court's exercise of its independent judgment. But, as directed by the United States Supreme Court (*see* pp. 5-6 of the opening brief supporting this Motion), refusing to follow *Universal American* in this case would *not* be appropriate, because the Court (notwithstanding its disagreement with the previous courts' conclusions) is not to substitute its views for those of a previous court that has entered a final judgment on the merits **between the same parties**. In a sense, LBHI has attempted to invert governing law by urging this Court to give preclusive effect to a ruling in cases that do *not* involve the same parties (*Standard Pacific* and *Hometrust*), while simultaneously demanding that the Court *not* give preclusive effect to a ruling in a case that does (*Universal American*).

LBHI's contention that there have been "inconsistent" prior judgments is likewise without merit. The "inconsistent judgment" rule is not that, if other courts have reached different conclusions on the same legal issue, there can be no estoppel. Instead, the rule applies to cases involving the *same parties* with different rulings on the same legal issue.[12] Here, as between these two parties, there is no extant inconsistent prior judgment.

---

[10] Opp. at 6 (citing *Hometrust Mortg. Co. v. Lehman Bros. Hdgs Inc*., 2015 WL 5674899, (S.D.N.Y. Sept. 25, 2015).
[11] LBHI also cites the *Standard Pacific* adversary case against UAMC for the notion that this issue has been previously decided. But Standard Pacific did not raise collateral estoppel until its reply brief in support of its motion to dismiss. See Bialek Ex. N, at 28:2-29. Moreover, Standard Pacific, as LBHI was quick to point out at the time, defeated Aurora, not LBHI, in the Colorado district court and in the Tenth Circuit. Consequently, there is no merit to the suggestion that applying *Universal American* was properly before this Court, or that *Standard Pacific* applies.
[12] *See Western Group Nurseries, Inc. v. Pomeranz*, 867 P.2d 12 (Col. Ct. App. 1993) (cited in Opp. at 6-7).

LBHI also argues that collateral estoppel cannot apply on the grounds that the claims in this case are not identical to those in the Prior Cases, because those cases were about *implied*, rather than *contractual* indemnity. That is not what LBHI pled or argued in the Prior Cases. There, LBHI's complaints sought damages for UAMC's supposed "breach [of] the Agreement and Seller's Guide by . . . failing to indemnify Lehman for its losses." LBHI argued that its "claims centered on UAMC's putative "failure to . . . *indemnify* [it] upon demand [constituting] a breach *independent and separate* from the breach that occurs as a result of misrepresentations and underwriting violations."[13] Later, LBHI argued to the Tenth Circuit that "[e]ach complaint at issue in this appeal alleges UAMC breached its separate indemnification obligation under the [2005 Agreement because] UAMC's failure to indemnify LBHI was a [separate] breach of contract."[14] Thus, the current and Prior Cases involve not merely the same type of claims, but necessitate consideration of the same legal issue.

Moreover, the Tenth Circuit's opinion expressly rejects the kind of "contractual versus implied" indemnity reasoning LBHI advances. As the Court of Appeals put it, "we would regard Lehman Holdings' claims as causes of action for breach of contract even if Lehman Holdings had pleaded them as claims for indemnity. An action does not become an action for indemnity merely because the pleader has so denominated it. The causes of action accrued when Universal American sold the defective loans with the representations and warranties. Thus, all of the claims are presumptively time-barred under Delaware's three-year period of limitations," regardless of how LBHI would frame them.[15] Because LBHI is again suing UAMC and seeking indemnity under the same contract, the same "timeliness" issue adjudicated in the Prior and Appellate Cases is necessarily at issue here, and is therefore barred.

---

[13] Mot. at 3-4.
[14] *See id.* at 6-7.
[15] *Universal American,* 660 F. App'x at 568–69 (emphasis added and quotations and alterations omitted).

## CONCLUSION

For the foregoing reasons, this Court should grant this Motion and dismiss with prejudice LBHI's two Complaints against UAMC.

                                                            **BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
                                                            1450 Brickell Avenue, Ste. 2300
                                                            Miami, Florida 33131
                                                            305-350-7232
                                                            Facsimile: (305) 374-7593
                                                            Philip R. Stein *(Admitted Pro Hac Vice)*
                                                           Mindy A. Mora
                                                           James J. Ward
                                                           *Counsel for Universal American Mortgage Company, LLC, and*
*Eagle Mortgage Holdings, LLC*

By:   */s/ Philip R. Stein*
      Philip R. Stein (FBN 41517)
      *(Admitted Pro Hac Vice)*
      pstein@bilzin.com
      Mindy A. Mora
      mmora@bilzin.com
      James J. Ward
      jward@bilzin.com
      eservice@bilzin.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 28th day of September 2017, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CMF/ECF. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on all parties of record.

                                          */s/ Philip R. Stein*
                                          Philip R. Stein