**Hearing Date and Time:**
**October 24, 2018 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**Objection Deadline Date and Time:**
**October 17, 2018 at 4:00 p.m.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :

In re                        :     Chapter 7
                            :

AMPAL-AMERICAN ISRAEL CORPORATION,  :     Case No. 12-13689 (SMB)
                            :

                Debtor.           :
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SUMMARY SHEET
## SECOND INTERIM APPLICATION OF AKERMAN LLP AS SPECIAL LITIGATION COUNSEL FOR THE CHAPTER 7 TRUSTEE FOR ALLOWANCE OF <u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>

| | |
|---|---|
| Name of Applicant: | AKERMAN LLP |
| Authorized to Provide Professional Services to: | Alex Spizz, Chapter 7 Trustee |
| Effective Date of Retention: | September 30, 2016 |
| Period for which compensation and reimbursement is sought: | September 26, 2017 through September 30, 2018 |
| Total amount of compensation sought this fee period: | $303,355.75 |
| Amount of fees previously requested and awarded: | $305,762.50 |
| Total amount of expense reimbursement sought for this fee period: | $4,770.93 |
| Amount of expense reimbursement previously requested and awarded: | $43,223.71 |

This is an: **_X_ interim** ___ final application

46471285;2

**Hearing Date and Time:**
**October 24, 2018 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**Objection Deadline Date and Time:**
**October 17, 2018 at 4:00 p.m.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :

In re                         :     Chapter 7
                              :

AMPAL-AMERICAN ISRAEL CORPORATION,   :     Case No. 12-13689 (SMB)
                              :

                Debtor.       :
                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SECOND INTERIM APPLICATION OF AKERMAN LLP, AS SPECIAL LITIGATION COUNSEL FOR THE CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE TIME PERIOD SEPTEMBER 26, 2017 THROUGH AND INCLUDING SEPTEMBER 30, 2018

**TO THE HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE:**

Akerman LLP ("Akerman"), as special litigation counsel to Alex Spizz in his capacity as chapter 7 trustee (the "Trustee") for the estate of Ampal-American Israel Corporation ("Ampal" or the "Debtor"), submits this second interim application (the "Application"), for professional compensation and reimbursement of expenses pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (as updated June 17, 2013) (the "Local Guidelines"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated June 4, 2004, as amended on November 25, 2009 (the "UST Guidelines," and, together with the Local

Guidelines, the "Fee Guidelines"), for allowance of compensation for professional services rendered to the Trustee and for reimbursement of actual and necessary costs and expenses incurred in connection with Akerman's representation of the Trustee in this chapter 7 case during the period September 26, 2017 through and including September 30, 2018 (the "Second Interim Compensation Period").   In support of the Application, Akerman respectfully represents as follows:

## JURISDICTION

1.          The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§1408 and 1409.

2.          The legal and statutory basis for relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").  This Application has been prepared in accordance with the Local Guidelines and the U.S. Trustee Guidelines. Attached hereto as **Exhibit E** is a certification regarding compliance with the Local Guidelines.

## BACKGROUND

3.          On August 29, 2012, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").  The Debtor operated as a debtor-in-possession until April 8, 2013, when Michael Luskin was appointed as chapter 11 trustee for the Debtor's estate.

4.          On or about May 2, 2013, the Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code, and on May 3, 2013, the Trustee was elected as chapter 7 trustee of the Debtor's estate.

5.         On December 7, 2016, the Court approved, effective as of September 30, 2016, the retention of Akerman as substitute special litigation counsel to prosecute the D&O Action (as defined below) on behalf of the Trustee and the estate, including claims against Eluz for breach of fiduciary duty, corporate waste and mismanagement (the "D&O Matters") [Doc. No. 740]. A copy of the Retention Order is annexed hereto as **Exhibit A**.

6.         Akerman's retention is on a modified contingency fee basis for which Akerman renders services and bills the estate at a discounted hourly rate of one-half (1/2) of its standard New York rates, plus twenty-five percent (25%) of any recovery realized in connection with the D&O Matters.

## THE D&O ACTION

7.         On August 27, 204, the Trustee commenced an adversary proceeding in this chapter 7 case styled *Spizz v. Eluz, et al.*, Adv. Proc. No. 14-0211-smb (the "D&O Action") against Irit Eluz ("Eluz"), the Debtor's former Chief Financial Officer, and Yehuda Karni, Revital Degani, Menachem Morag and Daniel Vaknin, Ampal's formers independent directors (the "Independent Directors," and together with Eluz, collectively, the "Defendants") alleging causes of action for, *inter alia,* breach of fiduciary duty.

8.         On February 25, 2016, the Court entered an Order [Doc. No. 33] (the "February 2016 Order") in connection with its January 5, 2016 memorandum decision (the "Decision") (1) dismissing the Trustee's claims against the Independent Directors, and (2) partially dismissing the Trustee's claims against Eluz. The D&O Action continues against Eluz with respect to the balance of the claims asserted against Eluz.

9.         During the Second Interim Compensation Period, Akerman continued to represent the Trustee in the D&O Action.

## INTERIM COMPENSATION

10.        On October 20, 2017, the Court entered the *Order Granting Application for Allowance of Compensation and Reimbursement of Expenses* [Doc. No. 773] (the "First Interim Fee Order") approving the First Interim Fee Application and awarding Akerman compensation in the amount of $305,762.50 and reimbursement of expenses in the amount of $43,223.71 for the period September 30, 2016 through September 25, 2017.

## RELIEF REQUESTED

11.        By this Application, Akerman seeks an order of this Court, pursuant to sections 330 and 331 of the Bankruptcy Code, awarding: (a) interim allowance for payment of compensation for professional services rendered by Akerman as special litigation counsel to the Trustee for the non-contingent portion of its fees for the Second Interim Compensation Period, in the amount of $303,355.75 in fees, which represents a total of 1,069.80 hours of services performed by Akerman's partners, counsel, associate attorneys, and paraprofessionals at fifty percent (50%) of Akerman's standard and customary billing rates.  A summary of the total amount of time spent by each Akerman attorney and paraprofessional for this case during the Second Interim Compensation Period, is attached hereto as **Exhibit B**.   Akerman's contemporaneous time records for the Second Interim Compensation Period, from which the summaries described below were prepared, is attached hereto as **Exhibit D**.

12.        During the Second Interim Compensation Period, Akerman has incurred actual and necessary expenses in rendering legal services to the Trustee in the amount of $4,770.93.  A summary of these expenses, including expenses relating to the hosting of data, discovery document review and discovery consulting services by an outside eDiscovery vendor is attached hereto as **Exhibit C**.

46471285;2

4

## SUMMARY OF SERVICES PERFORMED BY
## AKERMAN DURING THE SECOND INTERIM COMPENSATION PERIOD

13.        Akerman performed significant legal services on behalf of the Trustee as further detailed below.  This summary is intended only to highlight the services that Akerman rendered to the Trustee and is not meant to provide a detailed description of all such services.

14.        The majority of the services rendered by Akerman during the Second Interim Compensation Period relate to the continuation of discovery in the prosecution of the D&O Action and in mediation of that action, as described below.

### (a)        D&O ACTION

15.        As a result of certain technical issues from the previous rolling production in the D&O Action, together with the dismissal of the D&O Action against the independent officers and directors as well as the dismissal of certain causes of action against Eluz, counsel for Eluz requested that the Trustee produce, in their native format, a significant number of documents from the Ampal server.

16.        While the production previously made followed a series of agreed upon search terms between counsel for the Trustee and counsel for the Defendant, Eluz's counsel requested that the production be made of the entire documents so as to avoid a possible replication of the technical error that occurred in the previous production.[1]

17.        Akerman negotiated revised discovery schedules and protocol for the delivery of the documents and, with the assistance of an outside eDiscovery vendor, produced voluminous documents and electronic records to Eluz.  Akerman's attorneys, in consultation with the eDiscovery vendor, processed and prepared in excess of 140,500 documents obtained from the Ampal servers for production to opposing counsel and for internal review.

---

[1]   A significant portion of the e-mails produced in the prior production had been delinked from certain family members.

18.         Akerman reviewed and analyzed in excess of 80,000 English language documents.  In addition, Akerman facilitated the translation of the Hebrew (and other foreign language) documents with the eDiscovery vendor for subsequent review.

19.         In an effort to reduce costs, Akerman had the eDiscovery vendor utilize Hebrew fluent reviewers to undertake the review of the foreign language documents, as opposed to translating each of the many thousands of pages of Hebrew (and other foreign languages) into English.  The foreign language reviewers utilized a review protocol prepared by Akerman to facilitate their review of the documents, which included the designation of certain qualifying documents as "hot" or especially relevant.  Once the reviewers completed their review, those limited number of documents (yet still thousands of pages) identified as especially relevant or "hot" were then translated into English for Akerman's review.

20.         During the course of the foreign language review, Akerman interfaced with the eDiscovery's project manager to monitor the progress of the review, answer reviewer questions, and troubleshoot issues regarding how to handle certain types of documents that were especially lengthy or posed other challenges for the reviewers/translators.  Due to the quantity of languages and documents to review, as well as the unique challenges of the review project, this process took several months to complete.

21.         Through this process, Akerman reviewed the documents to identify those that are relevant to the remaining claims in the D&O Action.  This significant undertaking led by Akerman attorneys who are extremely knowledgeable in electronic discovery, has been performed in a very efficient manner and at a very reasonable cost to the estate.

22.         In addition to these documents, Akerman also spend considerable timing reviewing thousands of pages of SEC filings relevant to Ampal and that discussed its

investments, Eluz's activities, and Eluz's compensation.

23.         Akerman is now in the final phase of fact discovery and anticipates that all fact discovery will be completed by the end of January, 2019, and any and all expert discovery by the end March, 2019.

24.         The parties have tentatively scheduled the depositions of Eluz and the Trustee for the last week of November, 2018.  Once those depositions are complete, to the extent warranted, the Parties will resume their mediation, or move forward and complete fact and expert discovery.

**(b)      MEDIATION**

25.         This category includes time expended by Akerman relating to preparing for and attending a mediated settlement conference, including preparing a position statement, in an effort to settle the pending dispute between the parties in the D&O Action.

26.         During this process, among other things, Akerman reviewed all of Ampal's relevant SEC filings during the relevant years, thoroughly reviewed all of the relevant document discovery produced to date, and analyzed the relevant case law demonstrating Eluz's liability, as well as an in-depth calculation of the scope of Ampal's damages.

27.         The mediation was suspended pending the resumption of fact discovery.

**REQUEST FOR INTERIM COMPENSATION**

28.         Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  *See* 11 U.S.C. § 331.  Section 330 provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such

compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to
> [a] professional person, the court shall consider the nature, the extent, and
> the value of such services, taking into account all relevant factors,
> including –
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration
> of, or beneficial at the time at which the service was rendered
> toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable
> amount of time commensurate with the complexity,
> importance, and nature of the problem, issue, or task addressed;
>
> (E)  with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and
> experience in the bankruptcy field; and
>
> (F)  whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

Id. § 330(a)(3).

29.     Akerman respectfully submits that the professional services rendered for and on behalf of the Trustee were necessary and reasonable, and serve to preserve and maximize value for the benefit of the estate.  The compensation requested herein is extremely reasonable in light of the nature, extent, and value of the services rendered to the Trustee.

30.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  The fees sought by Akerman in this Application are commensurate with fees awarded to Akerman in other cases and the fees charged by comparable law firms.  *See In re First Colonial Corporation of America*, 544 F.2d 1291 (5th Cir. 1977), *reh'g denied*, 547 F.2d 573, *cert. denied*, 431 U .S.

904 (1977).

31.        Further, Akerman assigned the work performed in this case to attorneys and paraprofessionals having the experience and specialization to perform the services required efficiently and properly.  The attorneys and paraprofessionals providing the services for which compensation is sought, specialize in the fields of litigation and insolvency.   Moreover, Akerman, as a general practice, seeks to use the services of paraprofessionals and legal assistants supervised by attorneys whenever appropriate to limit costs and more efficiently utilize the services of attorneys.  Akerman has followed this practice with respect to the services rendered to the Trustee.  Finally, in rendering services to and on behalf of the Trustee, Akerman took every care to provide the legal services as efficiently as possible and to avoid duplication of services.

32.        In sum, the services rendered by Akerman were necessary and beneficial to the Trustee and the Debtor's estate and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

**ACTUAL AND NECESSARY EXPENSES INCURRED**

33.        As set forth in **Exhibit C** hereto, in providing professional services during the First Interim Compensation Period, Akerman has incurred costs and expenses in the amount of $4,770.93.  These expenses are reasonable and necessary and were essential to the overall administration of Akerman's representation as special litigation counsel to the Trustee in this chapter 7 case.

## COMPLIANCE WITH THE FEE GUIDELINES

34.         Akerman believes that this Application is in compliance with Fee Guidelines, as further set forth in the Certification of John P. Campo.

35.         No prior application has been made to this or any other Court for the relief requested herein for the First Interim Compensation Period, nor has any payment been received by Akerman on account of the legal services rendered in connection therewith, except as set forth herein.  In addition, none of the requested fees and expenses are to be shared by Akerman with any other party, nor are these or any other fees and expenses subject to a sharing agreement between Akerman and any third party.

36.         Notice of the Application has been given in accordance with the Order limiting notice entered in this case on September 12, 2013 [Doc. No. 342], and Akerman will have personally served copies of the Application with exhibits on the Trustee and the United States Trustee.

**WHEREFORE**, Akerman respectfully requests that this Court enter an order (a) approving the allowance and payment of compensation incurred in the amount of $303,355.75, and reimbursement of expenses incurred in the amount of $4,770.93 for the Second Interim Compensation Period; (b) authorizing and directing the Trustee to pay Akerman's such allowed amounts; and (c) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
      October 3, 2018

AKERMAN LLP

By:    */s/John P. Campo*
        John P. Campo
        Darryl R. Graham
        666 Fifth Avenue, 20th Floor
        New York, New York  10103
        Tel. No. (212) 880-3800
        E-mail: john.campo@akerman.com
        E-mail: darryl.graham@akerman.com

*Special Litigation Counsel for the Trustee*

# EXHIBIT A

# RETENTION ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                 :  Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION, :  Case No. 12-13689 (SMB)

             Debtor.            :

                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER AUTHORIZING RETENTION OF AKERMAN LLP
## AS SUBSTITUTE SPECIAL LITIGATION COUNSEL
## FOR THE CHAPTER 7 TRUSTEE

Upon the application (the "Application") of Alex Spizz, as chapter 7 trustee (the "Trustee") for the estate of Ampal-American Israel Corporation (the "Debtor"), for an order authorizing him to employ and retain, pursuant to Sections 327 and 330 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules, Akerman LLP ("Akerman"), as substitute special litigation counsel for the Trustee on behalf of the Debtor's estate; and upon the declaration of John P. Campo, attached to the Application; and the Court being satisfied that Akerman represents no interest adverse to the Debtor's estate with respect to the matters upon which Akerman is to be engaged and is disinterested as that term is defined in section 101(14) of the Bankruptcy Code; and that Akerman's employment is necessary and would be in the best interest of the Debtor's estate; and sufficient cause appearing therefore, it is hereby **ORDERED** as follows:

1.      ~~The Application is granted.~~**[SMB: 12/2/16]**

2.      Pursuant to section 327(a) of the Bankruptcy Code, the Trustee is authorized to employ and substitute Akerman, effective as of September 30, 2016, in connection with the D&O Matter pursuant to the terms set forth in the Application.

{40059824;1}

3.      Akerman shall use all reasonable efforts to avoid any duplication of services provided by any of the Trustee's other retained professionals in this case;

4.      Akerman shall be compensated in accordance with, and will file interim and final fee applications for allowance of its compensation and expenses pursuant to, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the Southern District of New York, and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (collectively, the "Fee Guidelines");

5.      Prior to any rate increases by any professionals employed by Akerman, Akerman will provide, on ten (10) business days, notice of the rate increase to the United States Trustee, and will file such notice with the Court.  The United States Trustee retains its rights to object to any rate increase on grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court may review any rate increase pursuant to Section 330 of the Bankruptcy Code;

6.      The Fee Structure set forth in the Application is approved; and

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**CONSENTED TO:**

Dated:  New York, New York          **TROUTMAN SANDERS LLP**
        November 8, 2016


By: /s/ Lee Stremba_____
    Lee Stremba
    875 Third Avenue
    New York, New York 10022
    Tel.: (212) 704-6000


**NO OBJECTION:**

Dated:  New York, New York          **UNITED STATES TRUSTEE, REGION 2**
        November 10, 2016

By: /s/ Andrew Velez-Rivera_____
    Andrew Velez-Rivera, Trial Attorney
    201 Varick Street, Suite 1006
    New York, New York 10014
    Tel. No.: (212) 510-0500


Dated: New York, New York
       December 2, 2016


**/s/ STUART M. BERNSTEIN_____**
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

## SUMMARY OF HOURLY FEES BY PROFESSIONAL AND PARA-PROFESSIONALS
## FOR THE PERIOD OF SEPTEMBER 26, 2017 THROUGH SEPTEMBER 30, 2018

### AMPAL – D&O

| NAME OF PROFESSIONAL | TITLE | YEAR ADMITTED | TOTAL HOURS | HOURLY RATE* | TOTALS | REDUCED HOURLY RATE* | REDUCED TOTALS |
|---|---|---|---|---|---|---|---|
| J. CAMPO | PARTNER | 1980 | 301.60 | $950.00 | $286,520.00 | $475.00 | $143,260.00 |
| J. FOSTER | PARTNER | 1979 | 8.90 | 735.00 | 6,541.50 | 367.50 | 3,270.75 |
| D. GRAHAM | PARTNER | 2008 | 203.00 | 650.00 | 131,950.00 | 325.00 | 65,975.00 |
| S. KESSLER | PARTNER | 2003 | 16.10 | 700.00 | 10,920.00 | 350.00 | 5,635.00 |
| A. GALLAGHER | SPECIAL COUNSEL | 2004 | 11.30 | 385.00 | 4,350.50 | 192.50 | 2,175.25 |
| M. LARSON | PARTNER | 2008 | 42.30 | 307.25 | 12,996.50 | 153.62 | 6.498.25 |
| | | | | | | | |
| A. KLOPP | ASSOCIATE | 2016 | 43.60 | 267.20 | 11,650.00 | 133.60 | 5,825.00 |
| C. BERKIN | ASSOCIATE | 2015 | 40.30 | 267.36 | 10,774.50 | 133.68 | 5,387.25 |
| V. GARCIA | ASSOCIATE | 2015 | 64.50 | 328.71 | 21,201.50 | 164.35 | 10,600.75 |
| G. KUBLY | ASSOCIATE | 2007 | 103.30 | 331.56 | 34,250.00 | 165.78 | 17,125.00 |
| L. CASAS MEYER | ASSOCIATE | 2011 | 8.20 | 350.00 | 2,870.00 | 175.00 | 1,435.00 |
| M. MCNULTY | ASSOCIATE | 2013 | 7.00 | 250.00 | 1,750.00 | 125.00 | 875.00 |
| C. WELSTEAD | ASSOCIATE | 1992 | 13.50 | 565.00 | 7,627.50 | 282.50 | 3,813.75 |
| L. GREEN | ASSOCIATE | | 83.80 | 305.24 | 25,579.50 | 152.62 | 12,789.75 |
| L. COOPER | ASSOCIATE | | 37.70 | 315.00 | 11,875.50 | 157.50 | 5,937.75 |
| T. JACKSON | ASSOCIATE | 2018 | 24.80 | 282.82 | 7,014.00 | 141.41 | 3,507.00 |
| | | | | | | | |
| T. RABENO | LIBRARIAN | N/A | 1.00 | 160.00 | 160.00 | 80.00 | 80.00 |
| R. DELPINO | PARALEGAL | N/A | 58.90 | 311.21 | 18,330.50 | 155.61 | 9,165.25 |
| TOTAL FEES INCURRED: | | | | | $606,711.50 | | |
| REDUCED TOTAL FEES INCURRED: | | | | | | | $303,355.75 |
| TOTAL HOURS: | | | 1,069.80 | | | | |
| BLENDED REDUCED RATE: | | | | | $283.56 | | |

*Rate reflects blended hourly rate for timekeeper

# EXHIBIT "C"

### SUMMARY OF EXPENSES BY CATEGORY FOR THE PERIOD
### SEPTEMBER 26, 2017 THROUGH AND INCLUDING SEPTEMBER 30, 2018

| DESCRIPTION | TOTAL |
|---|---|
| Computerized Research:<br>Pacer $48.10<br>Westlaw $4,174.50 | $4,222.60 |
| Travel and Transportation (Local): | 66.84 |
| Business Meals: | 101.23 |
| Postage and Express Mail: | 2.81 |
| Telephone: | .05 |
| Messenger Service: | 45.00 |
| Duplicating (In-House) 3,324 @ $.10: | <u>332.40</u> |
| | |
| **TOTAL EXPENSES:** | **$4, 770.93** |
| | |

# EXHIBIT "D"

# TIME RECORDS

### UPON WRITTEN REQUEST TO:

**REYKO E. DELPINO, PARALEGAL**
**AKERMAN LLP**
**666 FIFTH AVENUE, 20TH FLOOR**
**NEW YORK, NY 10103**

**COPIES OF THE TIME RECORDS IN DETAIL HAVE BEEN ATTACHED TO THE APPLICATION PROVIDED TO THE COURT AND TO THE UNITED STATES TRUSTEE.**

**COPIES WILL ALSO BE MADE AVAILABLE FOR REVIEW AT THE OFFICES OF AKERMAN LLP OR WILL BE SENT TO ANY REQUESTING PARTY**

# EXHIBIT "E"

# CERTIFICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 7 |
|  | : |  |
| AMPAL-AMERICAN ISRAEL CORPORATION, | : | Case No. 12-13689 (SMB) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### CERTIFICATION OF JOHN P. CAMPO PURSUANT TO FEE GUIDELINES FOR FEES AND DISBURSEMENTS IN SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY CASES IN RESPECT OF SECOND APPLICATION OF AKERMAN LLP FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, John P. Campo, certify, as follows:

1.        I am an attorney duly admitted to practice law in the State of New York, and am a partner in the law firm of Akerman LLP ("Akerman").  I submit this certification with respect to the First Interim Application for Compensation and Reimbursement of Expenses for the Period from September 26, 2017 through and including September 30, 2018 (the "Application").

2.        I make this certification in accordance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (as updated June 17, 2013)* (the "Local Guidelines"), the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the U.S. Trustee Guidelines"), dated June 4, 2004, as amended on November 25, 2009 (the "UST Guidelines," and together with the Local Guidelines, the "Fee Guidelines").

46471285;2

3.      Pursuant to Section B(1) of the Local Guideline, I hereby certify that:

(a)      I have read the Application and, to the best of my knowledge, information and belief, formed after reasonable inquiry, the Application complies with the Fee Guidelines;

(b)      To the best of my knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Fee Guidelines, except as specifically noted in this certification and/or in the Application;

(c)      To the best of my knowledge, information and belief formed after reasonable inquiry, except as set forth in the Application, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Akerman and generally accepted by Akerman's clients; and

(d)      To the best of my knowledge, information and belief, formed after reasonable inquiry, and except as otherwise stated in the Application, in providing reimbursable services:  Akerman does not make a profit on those services; in charging for a particular service, Akerman does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay; in seeking reimbursement for services which Akerman justifiably purchased or contracted from a third party, Akerman seeks reimbursement only for the amount paid by Akerman to such eDiscovery vendor.

5.      Pursuant to Section B(3) of the Local Guidelines, I certify that the Trustee has been provided with monthly statements of Akerman's fees and disbursements accrued during this case, and (ii) the Trustee, the United States Trustee and the Debtor have been provided with a copy of the Application at least twenty-one (21) days before the date set by the Court for the hearing on the Application.

Dated: New York, New York
            October 3, 2018                              */s/John P. Campo*
                                                                    John P. Campo