**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>    Debtors. | **Chapter 11**<br><br>**Case No. 08-13555 (SCC)** |
| LEHMAN BROTHERS HOLDINGS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>1st ADVANTAGE MORTGAGE, LLC, *et al.*,<br><br>    Defendants. | **Adv. Proceeding**<br>**Case No. 16-01019 (SCC)**<br><br>**(Coordinated Case)** |
| LEHMAN BROTHERS HOLDINGS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>THE CROSSFIRE FINANCIAL NETWORK, INC.,<br><br>    Defendant. | **Adv. Proceeding**<br>**Case No. 19-01020 (SCC)** |

**DEFENDANT CROSSFIRE FINANCIAL NETWORK, INC.'S REPLY IN SUPPORT**
**OF SUPPLEMENTAL MOTION TO DISMISS WITH MEMORANDUM OF LAW**

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................... 2  
ARGUMENT ............................................................................................................................... 3  
    I.   Under Florida Law, the 2016 Settlement's Release Bars Claims for Liquidated Loan Losses which Accrued Years Prior to the Settlement. ............................... 3  
        A.  The Castro Mortgage Loan. ...................................................................................... 3  
        B.  The Gardner Mortgage Loan. ................................................................................... 4  
        C.  The Plasko Mortgage Loan. ..................................................................................... 5  
    II.  Miculka Mortgage and Davis Mortgage Still Exist, Were not Repurchased, and are Being Serviced by Nation Star. ................................................................. 5  
CONCLUSION ............................................................................................................................ 5  
CERTIFICATE OF SERVICE ................................................................................................... 6  

## TABLE OF AUTHORITIES

**Florida Cases**
*Braemer Isle Condo. Ass'n, Inc. v. Boca Hi, Inc.*, 632 So. 2d 707 (Fla. 4th DCA 1994) ............ 3, 4

**INTRODUCTION**

Distilled to its essence, Defendant Crossfire Financial Network, Inc. ("Crossfire") has moved to dismiss the complaint filed by Lehman Brothers Holdings, Inc. ("LBHI") for two main reasons.

*First*, Crossfire argues LBHI's claims are barred by the release language in a prior settlement agreement (the "2016 Settlement"). CFN Br., Ex. 2.  As to the Castro Mortgage[1], Plasko Mortgage[2], and Gardner Mortgage[3], the final, liquidated losses for these three loans accrued years prior to the 2016 Settlement's execution.  Therefore, Crossfire was released by virtue of the 2016 Settlement's release language which included several key terms such as "forever discharge" "from any and all" "known or unknown" "liquidated and unliquidated" "ever had, may have" and "hereafter can, or may have." CFN Br., Ex. 2, p. 5.

*Second*, as to the Miculka Mortgage[4] and the Davis Mortgage[5], these mortgage loans still exist, do not have liquidated losses, were not repurchased, are performing, and are being serviced by a third-party, Nation Star.  Accordingly, Crossfire moves for a more definite statement as to the purported breach of warranty or representation for these two loans.

---

[1] The term "Castro Mortgage" refers to the Eliberto Castro mortgage loan.
[2] The term "Plasko Mortgage" refers to the Emilia Plasko mortgage loan.
[3] The term "Gardner Mortgage" refers to the Valerie Gardner mortgage loan.
[4] The term "Miculka Mortgage" refers to the Helena Miculka mortgage loan.
[5] The term "Davis Mortgage" refers to the Stanford Davis mortgage loan.

**ARGUMENT**

I. **UNDER FLORIDA LAW, THE 2016 SETTLEMENT'S RELEASE BARS CLAIMS FOR LIQUIDATED LOAN LOSSES WHICH ACCRUED YEARS PRIOR TO THE SETTLEMENT.**

A release that clearly reflects the intent to release a party from any and all liabilities should be honored. *Braemer Isle Condo. Ass'n, Inc. v. Boca Hi, Inc.*, 632 So. 2d 707, 707 (Fla. 4th DCA 1994).

    A. **The Castro Mortgage Loan.**

The liquidated losses for the Castro Mortgage accrued on August 22, 2008 when LBHI's servicing arm, Aurora, sold the foreclosed property located at 20367 SW 87 Place, Miami, Florida 33189 (the "Castro REO") to a third party purchaser for $204,750.00. CFN Br., Comp. Ex. 3, pp. 44–52.

Moreover, despite LBHI's claims to the contrary, the Castro Mortgage was indeed related to the Colorado Lawsuit.[6] The Colorado Action sought an award of damages for Crossfire's underwriting of the Eliberto Castro transaction. LBHI Resp., Bialek Dec., Ex. A. The Colorado Lawsuit sought to recover all losses incurred on the *second* mortgage for Eliberto Castro's purchase transaction (the "Castro Second Mortgage"). Bialek Dec., Ex. A., ¶ 7.a ("that certain mortgage Loan No. ****9233 to borrower Eliberto Castro in connection with the property commonly known by street and number as 20367 SW 87 Place, Miami, Florida 33189"). Together with the Castro Mortgage, these two loans were part of borrower Eliberto Castro's single purchase transaction for a single property. CFN Br. Ex. 4, pp. 1–22 (copy of recorded Castro Mortgage) and pp. 23–31 (copy of recorded Castro Second Mortgage). Together, these two loans were underwritten by Crossfire. Together, these two loans appeared on the single

---

[6] The term "Colorado Lawsuit" refers to that certain state court action styled *Aurora Bank FSB v. The Crossfire Financial Network, Inc.*, Case No. 2013-CV-205 in the Distrcit Court, Douglas County, State of Colorado.

settlement statement and funded a single closing on November 8, 2006. *See id.* Together, these two loans were later sold to Lehman Brothers Bank ("LBB") by Crossfire.

When the Castro Foreclosure Judgment was entered in 2007, it foreclosed upon the Castro Second Mortgage as an inferior lien. CFN Br., Comp. Ex. 3, pp. 38 (foreclosing all subordinate lienholders). Thereafter, Aurora filed the Colorado Lawsuit against Crossfire in 2013, alleging breaches during Crossfire's underwriting and reviewing Mr. Castro's income, and claiming complete losses on the Castro Second Mortgage as a result. Bialek Dec., Ex. A, pp. 3–4.

Accordingly, LBHI's argument that the Castro Mortgage was unrelated to the Colorado Lawsuit, Colorado Judgment, and 2016 Settlement is inaccurate. The Colorado Lawsuit included a cause of action against Crossfire for alleged failures during the underwriting process of the Castro transaction. It is beyond dispute that Crossfire has since satisfied the Colorado Judgment. *See Braemer*, 632 So. 2d 708 (finding settlement of prior litigation to apply to subsequent litigation because "[t]he same areas of the condominium which are claimed to be defective in the second suit were also at issue in the first suit"). Moreover, the losses on the Castro Mortgage liquidated in 2008, *eight years prior* to the 2016 Settlement. LBHI's attempt to now sue Crossfire for the underwriting of this transaction a second time, by referencing the other loan in the closing's settlement statement, must fail. As to the Castro Mortgage, LBHI's claim is barred by both the satisfied judgment and the 2016 Settlement's release clause.

### B.   The Gardner Mortgage Loan.

The liquidated losses for the Gardner Mortgage accrued on either one of two dates, both of which predate the 2016 Settlement Agreement by several years. The liquidated losses may have accrued on March 8, 2012 when LBHI's servicing arm, Aurora, sold the foreclosed

property (the "Gardner REO") to a third party for a purchase price of $283,000.00. CFN Br., Comp. Ex. 4, pp. 76–77. Alternatively, the liquidated losses accrued later on June 28, 2013 when Aurora then sold the foreclosure judgment's deficiency balance to third-party RCS Recovery Services, LLC for an unknown sum. CFN Br., Comp. Ex. 4, pp. 78–86. At the latest, the losses associated with the Gardner Mortgage liquidated by June 28, 2013, and predates the 2016 Settlement by *three years*.

### C. The Plasko Mortgage Loan.

The liquidated losses for the Plasko Mortgage accrued on May 27, 2009, when LBHI's servicing arm, Aurora, sold the foreclosed property (the "Plasko REO") to a third party purchaser for $330,660.00. CFN Br., Comp. Ex. 5, pp. 39–46. The accrued, liquidated losses on the Plasko Mortgage predate the 2016 Settlement by *seven years*.

### II. THE MICULKA MORTGAGE AND DAVIS MORTGAGE STILL EXIST, WERE NOT REPURCHASED, AND ARE BEING SERVICED BY NATION STAR.

As stated in Crossfire's Motion to Dismiss, the remaining two loans at issue in this adversary proceeding still exist, are performing, and are currently serviced by Nation Star. CFN Br., Comp. Ex. 6 pp. 16–32 and Comp. Ex 7, pp. 23–36. Accordingly, Crossfire again emphasizes the importance of requiring a more definite statement from LBHI as to what specific warranty or representation was breached during Crossfire's underwriting of these loans, and requests this Honorable Court order LBHI to plead the alleged breaches with specificity.

### CONCLUSION

For the foregoing reasons, and those stated in Crossfire's Supplemental Motion to Dismiss, LBHI's Complaint should be dismissed in its entirety with prejudice.

Dated this 3rd day of October, 2019.

        Respectfully submitted,

        **GRAY|ROBINSON, P.A.**
*Counsel for Crossfire Financial Network*
401 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 33301
P:  954-761-8111 | F:  954-761-8112

*/s/ Rebecca A. Rodriguez*
**Rebecca A. Rodriguez, Esq.***
Rebecca.Rodriguez@gray-robinson.com
*\*Appearing Pro Hac Vice*
**Terrance W. Anderson, Jr., Esq.***
Terrance.Anderson@gray-robinson.com
*\*Appearing Pro Hac Vice*
**Jack Brennan, Esq.***
Jack.Brennan@gray-robinson.com
*\*Appearing Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that on October 3rd, 2019, a true and correct copy of the foregoing was served to all parties via the CM/ECF filing portal.

        */s/ Rebecca A. Rodriguez*
        Rebecca A. Rodriguez, Esq.